## ROBERT P. WHITE v. THE STATE.

There is no such offence known to the law, as "an attempt to commit an assault, with intent to murder."

APPEAL from Bastrop.    Tried below before the Hon. Thomas J. Devine.

The appellant was indicted for an assault, with intent to commit murder.

*William G. Webb*, for appellant.

*Attorney General*, for appellee.

BELL, J.   On the trial of this cause, the judge instructed the jury, in substance, that they might find the defendant guilty of "an attempt to commit an assault, with intent to commit murder," and that the punishment for that offence was fine, and imprisonment in the county jail, or either, at the discretion of the jury ; or by confinement in the penitentiary, not less than one, nor more than two years.   So reads the charge of the judge, in the record which is before us.   In evident response to this portion of the charge, the jury found the defendant "guilty of an attempt to commit an assault, with intent to murder," and they assessed his punishment at confinement in the penitentiary for eighteen months.

The charge of the court is erroneous, and the verdict of the jury is unauthorized by any law of which we have any knowledge. There is no such offence known to the law as "an attempt to commit an assault, with intent to murder."

We presume that the able and experienced judge, who tried the case, was prevented by the hurry of business, or by some other cause, from giving the case a proper consideration, and that his attention was not called to the error, in time to afford him an opportunity to correct it.   The judgment is reversed, and the cause remanded.

                                        Reversed and remanded.