### STATE v. HARRISON CHURCH.

Where one drew a pistol, (neither cocked nor presented,) and ordered another, who was within ten steps, to leave a public place, or he would shoot him : *Held* to be an assault.

(*State* v. *Hampton, ante* 13, *State* v. *Myerfield,* Phil. 108; *State* v. *Mooney, ibid,* 434, cited and approved.)

ASSAULT, tried before *Mitchell, J.,* at Spring Term 1868, of the Superior Court of WILKES.

The following is the special verdict found upon the trial: On a certain Sabbath, at a Church, where people had assembled for religious exercises, the defendant, with several others, was sitting outside of the building, about six or seven steps from it, and the prosecutor was approaching the Church, when the defendant, addressing him, said: We have no use for you in this company; you shall not come here; go back. The prosecutor declined to do so. The defendant then rose to his feet and said to the prosecutor, I have a pistol, and placed his hand on a pistol that was belted around him. The prosecutor then commenced retiring, but tardily. The defendant followed him a few steps, being not more than ten steps from him, and urged him to go off or he would shoot him, and while he was walking, drew the pistol from its scabbard, but did not cock it, or present it towards the prosecutor.

Upon these facts, his Honor was of opinion that the defendant was not guilty, and the Solicitor prayed an appeal.

*Attorney General*, for the State.

No counsel *contra*.

READE, J.　A mere threat unaccompanied by an offer or attempt to strike, is not an assault.

So an offer to strike, qualified by some declaration which shows that there· is no purpose to execute violence, is not an assault, unless the offer is with a deadly weapon, and then words are not allowed to qualify the act.　So an offer of violence is an assault, even if it be accompanied with a declaration that violence will be forborne upon a condition which the actor had no right to impose: as if one offering to strike says, I will strike you if you do not pull off your hat.　This will be an assault, because he has no right to require the hat to be pulled off.

So, in the case before us, if the defendant had not drawn a deadly weapon, but had simply raised his fist in striking distance, and said, If you do not leave I will strike you, that would have been an assault, because he had no right to require him to leave.　But the case is stronger than that.　The prosecutor was where he had a right to be, and was in no wrong; the defendant drew his pistol from his scabbard, advanced towards the prosecutor who was retiring, threatened to shoot him if he did not leave, was in ten steps of him, and drove him from the place.　This was certainly an " offer " of violence, and constituted an assault.

The fact that the pistol was not cocked and pointed makes no difference.　That would have been but the work of a moment, and was not needed to put the prosecutor in fear, and to interfere with his personal liberty:　*State* v. *Hampton, ante,* 13; *State* v. *Myerfield*, Phil. 108; *State* v. *Mooney, Ibid.* 434.

Let it be certified to the Court below, that there is error; to the end that judgment may pass upon the special verdict as upon a verdict of guilty.

PER CURIAM.　　　　　　　　　　　　　　　　　Error.