VAUGHAN *v.* THE STATE, 3 Smedes & Marshall, 553.

SHOOTING WITH INTENT TO KILL AND MURDER.

When the bill of exceptions purports to contain all the evidence adduced on the trial, and is so certified by the judge of the court below, this court will presume it to be true.

On the trial of persons indicted for criminal offenses, the prosecution must prove the offense to have been committed in the county as charged in the indictment, to bring it within the jurisdiction of the court.

Where the indictment charges a shooting with a felonious intent, it must be proved on the trial that the gun was so loaded as to be capable of doing the mischief alleged to be intended.

Error to the circuit court of Lowndes county.

The defendant was indicted in the circuit court of Lowndes county for shooting with intent to kill and murder one Henry R. Owen. The weapon alleged to have been used was a shot-gun, loaded with gun powder and divers leaden shot. The plea was "not guilty." The evidence is substantially stated in the opinion of the court. The verdict was "guilty," and a motion was made in arrest of judgment, which was overruled by the court.

*Wm. Yerger* for the plaintiff in error.

The record presents four distinct grounds for reversal.

1. No prosecutor was marked on the bill of indictment. This is required by statute. How. & Hutch., 669; 3 How. Rep., 27.

2. The record does not show that the grand jury acted upon and returned as a "true bill" the indictment on which the prisoner was tried and convicted. This is necessary. The record only shows that a "true bill" for an "assault with intent to kill" was found against the defendant; while he was tried on an indictment for an "assault with intent to kill and murder," which are very different offenses. Hite v. The State, 9 Yerger, 198; Chappel v. The State, 8 Yerger, 166; Chit. Cr. Law., 266.

3d. No *venue* was proved on the trial; this is essential to conviction. 6 Yerger, 364; 1 Chit. Cr. Law., 176.

4. The proof made out on the merits no case of offense against the defendant, and the court erred in refusing a new trial.

THACHER, J.:

This case comes into this court by writ of error to the circuit court of Lowndes county.

It was an indictment under the statute for shooting with intent to kill, and upon trial resulted in a verdict of guilty.

We shall notice two grounds upon which the judgment of the court below must be reversed.

The record does not show that the offense was committed in the county of Lowndes. The bill of exceptions is certified by the court below to contain all the evidence adduced upon the trial. It is to that alone, therefore, that we can look for the evidence. The bill of exceptions contains nothing that sufficiently meets the requirements of the law, as proof of the *venue.* It is scarcely necessary to add, that the offense must be proved to have been committed in the county, as charged in the indictment, in order to bring it within the jurisdiction of the court.

Again, from the evidence, as detailed in the bill of exceptions serious doubts arise in our minds that the defendant below entertained felonious intentions at the time of the alleged assault. A dispute had existed between the defendant below and his neighbors about the right of the latter to use a part of his lands as a highway for travel. Upon the day mentioned in the indictment, certain boys, returning from school, undertook this road, not without some design, as they themselves confess, to annoy the defendant below. They were pursued by the defendant, who, when at the distance of sixty yards from one of the boys, who was then getting over a fence, discharged his gun. The boy against whom the gun is alleged to have been discharged, was uninjured, and no marks of shot could be discovered in the immediate neighborhood of the place where he was at the time. Subsequently, marks of shot were found in some bushes, and traced to a sapling in a somewhat different direction from that which the boy had occupied, and were discovered to be small bird shot. There was other testimony that went to prove that the bird shot were most probably the contents of the gun which was discharged. If they were not so, there is no evidence that the gun contained anything more than a charge of powder. It has been held, in cases decided under statutes similar to our own, that it must appear that the firearms were loaded, so as to be capable of doing the mischief intended. If loaded with powder and wadding only, but if fired so near an individual and in such

a direction that it would probably kill him, it would come within the statute. But it would be absurd to say that the discharging a gun, even loaded with ball, at so great a distance as could not possibly effect injury to the person against whom it was directed, evinced an intention to kill; and the same may be said of anything else wherewith the gun may be loaded. There was evidence before the jury of experiments having been made with the gun used by the defendant, that went to show that at the same distance at which he stood from the boy when the gun was discharged, and with a charge of the same kind of bird shot, the gun was incapable of taking life. Now, as a man's motives and intentions are to be inferred from the means which he uses, and the acts which he does, we are inclined to the belief that no serious damage was intended by the defendant, but that his object was rather to alarm than to injure.

The judgment of the court below must be reversed, and a new trial awarded by the circuit court of Lowndes county.