## Samuel Brown *v*. The State.

Assault with Intent to Rape includes an aggravated assault and a simple assault or assault and battery, but does not include an attempt to commit rape. An indictment, therefore, for the former offence cannot support a conviction for the latter. There is no such offence as an attempt to commit an assault with intent to rape.

Appeal from the District Court of Nueces. Tried below before the Hon. J. C. Russell.

The indictment was for an assault with intent to commit rape. The court instructed the jury that they could convict for an attempt to commit rape if they found that no assault was committed, but that stupefying potions were the means used to effect the purpose. There is no statement of facts. The jury found the defendant guilty of an attempt to commit rape, and assessed his punishment at five years in the penitentiary.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

Clark, J. Under an indictment for rape, the defendant may be convicted either of that offence, or of an assault with intent to rape, or of an attempt to commit rape. Penal Code, art. 535 ; Code Cr. Proc., art. 714, sects. 2, 13. But it does not follow that upon an indictment for an assault with intent to rape he may be convicted for an attempt.

An assault with intent to rape includes also an aggravated assault and a simple assault or assault and battery, but not an attempt. There is no such offence as an attempt to commit an assault with intent to rape. *White* v. *The State*, 22 Texas, 608. The charge of the court is therefore erroneous, and the indictment will not support the verdict and judgment.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*