STATE, APPELLANT, *v.* HERRON, RESPONDENT.[*]

[Submitted April 20, 1892. Decided May 2, 1892.].

CRIMINAL LAW — *Attempt to commit an assault with a deadly weapon—Proof.—*
Upon a trial for an attempt to commit an assault with a deadly weapon, where
it appeared that the defendant pointed a rifle at the complainant in a threaten-
ing manner, accompanying the act with threats to shoot, it is error for the court,
in regarding the matter as a question of law, to instruct the jury to acquit the
defendant upon the ground that the rifle was not a deadly weapon, in that it was
not shown to be loaded, as under such circumstances the fact that the rifle was
not loaded was a matter of defense.

*Appeal from Third Judicial District, Deer Lodge County.*

Information for attempt to commit an assault with a deadly
weapon. Defendant's motion for an instruction to acquit was
granted by DURFEE, J. Reversed.

*Opinion on rehearing, post, page 300.

Statement of the facts prepared by the judge delivering the opinion.

The information in this case was for an attempt to commit an assault with a deadly weapon, with the intent to commit a violent injury upon the person of George W. Nelson. On the trial of the case the State introduced its testimony, the gist of which, as far as this appeal is concerned, is as follows: The defendant met the complaining witness, Nelson, upon the road. Nelson was driving a team loaded with wood. Defendant stopped Nelson, and ordered him off the road. Nelson declined to go, when the defendant called to his house for his rifle. Nelson followed the road for about two hundred and fifty feet, when he was met by the defendant, where the following colloquy took place, quoting Nelson's testimony: "'Will you stop?' I said, 'Yes. You will shoot, will you?' He did not answer, but said, 'Turn around quick, or I will blow your head off;' and I turned around." The witness further testified that the defendant "had the rifle this way [indicating], one hand on the trigger and one on the barrel. He came up within twenty or thirty feet of me. He had the rifle in front of him, towards me. He said: 'If you move another step forward, I will blow your head off. Turn around, and turn around quick.'" It was further testified on behalf of the State that the defendant pointed the rifle at the complaining witness. Two other witnesses besides Nelson testified to practically the same facts. It appears that the conduct of defendant was angry and threatening.

At the close of the testimony for the State the defendant moved the court to instruct the jury to acquit the defendant, on the ground that the material allegations of the information were not proven, in this: that it was not proven that the gun was loaded, and that proof of pointing the gun, with threats, is insufficient to sustain the information. Some other points are discussed by counsel in their briefs, but the proposition upon which the decision below was made was simply that there was a failure of proof that the weapon used was a deadly weapon, for the reason that it was not shown that the gun was loaded. The District Court, on this ground, instructed the jury to acquit, and judgment was entered in favor of defendant. The State appeals. The one proposition, as set forth in the statement, will be discussed.

*Henri J. Haskell,* Attorney-General, *W. S. Shaw,* and *H. F. Titus,* for the State, Appellant.

*H. R. Whitehill,* for Respondent.

DE WITT, J.—It is not questioned but a loaded rifle is a deadly weapon. In this case a rifle was used. It was used with threats. The defendant said that he would blow Nelson's head off. He thus threatened to do that which he could do only if the gun were loaded. The gun could be used, as threatened to be used, only when loaded. Under these circumstances, on an information for an attempt, must the State prove that the gun was loaded, or is it a matter of defense to show the fact (if it be a fact) that there was no load in the gun? This was the proposition fairly before the District Court, and that upon which we will decide the appeal. It seems to be a first impression in this jurisdiction. Whether the instrument in question was a deadly weapon has been held to be a question of fact for the jury. (*Doering* v. *State,* 49 Ind. 56; 19 Am. Rep. 669.) Also, that it was a matter of law for the court. (*State* v. *Rigg,* 10 Nev. 284; Bishop on Criminal Law, § 335.) It has also been held that it is sometimes a mixed question of law and fact. (Bishop on Criminal Law, § 335, note 4.) But we may pass a decision of that point.

The District Court took the matter as a question of law, and we will only inquire whether it was correctly decided from that point of view. The authorities are not uniform. In *State* v. *Napper,* 6 Nev. 113, it was directly held, in a case of this nature, that the court should have directed a verdict for the defendant, for the reason that it was not proven that the pistol was loaded. This case cites *State* v. *Swails,* 8 Ind. 524; 65 Am. Dec. 772. But the latter was a very different case. There it seems to have appeared affirmatively that the gun was charged with only powder and a light cotton wad, and the court held, in the State's appeal, that the following instruction was not error: "If you believe from the evidence that at the time the defendant fired the gun at said Lee, it was not charged with anything but powder and a light cotton wad, Swails being at the distance of forty feet from Lee at the time, and that at that distance the life of Lee was not at all endangered or put in

jeopardy by the act of Swails in discharging the gun at him, in consequence of the manner in which it was loaded, the defendant cannot be convicted, although he may have thought that the gun was properly loaded with powder and ball, and although he may have intended to murder Lee." This case is also referred to in Wharton's Criminal Law, section 1280, cited in the Nevada case above. The Nevada case also cites *State* v. *Neal,* 37 Me. 468. ·But the Maine case does not go to any such extent as does the Nevada case. The case of *Fastbinder* v. *State,* 42 Ohio St. 341, decided by a divided court, and cited by respondent, was decided largely upon the ground that the circumstances of the case did not show an intent to commit the offense charged.

It is said in *State* v. *Shepard,* 10 Iowa, 126 : "Mr. Greenleaf (vol. 1, § 59) states that the presenting a gun or pistol at a person is an assault. But he adds that 'whether it be an assault to present a gun or pistol, not loaded, but doing it in a manner to terrify the person aimed at, is a point upon which learned judges have differed in opinion.' It. is held to be such in *Regina* v. *St. George,* 9 Car. & P. 483; *State* v. *Smith,* 2 Humph. 457. (And see *Vaughan* v. *State,* 3 Smedes & M. 553; *State* v. *Benedict,* 11 Vt. 236; 34 Am. Dec. 688. But on the contrary, see *Blake* v. *Barnard,* 9 Car. & P. 626; *Regina* v. *Baker,* 1 Car. & K. 254; *Regina* v. *James,* 1 Car. & K. 530, which last two cases, however, were under a statute.) Wharton's Criminal Law,. page 545, says that it is not an assault, and cites only the above case of *Regina* v. *James.*" This opinion further holds: "After reviewing the question in its various lights, we are inclined to hold with those who regard it as an assault where the person aimed at does not know but that the gun is loaded, or has no reason to believe that it is not." Simply pointing a pistol at one, or drawing a weapon, is not, in itself, an assault, if the person so acting says or does that which makes it clear that he has no intention to commit an assault. Such was the situation in the oft-cited example of him who laid his hand on his sword and said: "If it were not assize time, I would not take such language from you." And also the instance of one remarking: "If it were not for your gray hairs, I would tear your heart out." As remarked in *Keefe* v. *State,*

19 Ark. 192: "In these cases there was held to be no assault, because the words explained the act, and took away the idea of an intent to commit an assault." (See, also, *Richels* v. *State*, 1 Sneed, 606, and *State* v. *Church*, 63 N. C. 15.)

But in the case at bar defendant's declarations of his intent to commit the assault are very plain. Nor does it matter that he put his threats in an alternative — that is, using the language, "Turn around, or I will blow your head off." In the language of the Arkansas case, *supra:* "But where the weapon is drawn, and the threat to use it is merely conditional, it may nevertheless be an assault. As where the defendant, standing within a few feet of the prosecutor, presented a pistol at him, saying, 'If you do not turn the Negro loose, I will shoot you,' etc. (*State* v. *Cherry*, 11 Ired. 475.) So, where the defendant raised an ax, within striking distance of another, and said, 'Give up the gun or I'll split you down,' and the person at the time did not give up the gun, but proposed some arrangement upon which the defendant let the ax down, it was held that he was guilty of an assault. (*State* v. *Morgan*, 3 Ired. 186; 38 Am. Dec. 714." See, also, *Beach* v. *Hancock*, 27 N. H. 223; 59 Am. Dec. 373, and *Richels* v. *State*, *supra*.) Cases wherein it appears in evidence that the gun was not loaded are not in point. If the gun had been shown to be unloaded, that would have presented another question, upon which we are not now called upon to pass.

This case is a prosecution for an attempt./ The attempt is clear. The intent is expressly declared by defendant himself. The ability is proven, that is, if the gun was loaded. Under these circumstances it has been held that the gun is presumed to be loaded (see *Keefe* v. *State*, *Beach* v. *Hancock*, and *Richels* v. *State*, *supra*), and that the fact that it was unloaded was a matter of defense. (See cases last cited, and *Crow* v. *State*, 41 Tex. 468.) We find the following in Russell on Crimes (vol. 1, p. 1019): "It has been laid down by a very learned judge, notwithstanding a contrary opinion in an earlier case, that if a person present a pistol, purporting to be a loaded pistol, so near as to produce danger to life if the pistol had gone off, it is an assault in point of law, although in fact the pistol be unloaded. The learned judge said: 'My idea is that it is an assault to

present a pistol at all, whether loaded or not. If you threw the powder out of the pan, or took the precussion cap off, and said to the party, "This is an empty pistol," then that would be no assault, for there the party must see that it was not possible that he should be injured; but if a person presents a pistol which has the appearance of being loaded, and puts the party into fear and alarm, that is what it is the object of the law to prevent.'" (*Regina* v. *St. George*, 9 Car. & P. 483. See, also, Wharton's Criminal Law, § 1244, and *State* v. *Church, supra.*)

Although there is a division of views in the decided cases, we think that the better opinion is that, if a firearm is the alleged deadly weapon — a weapon the only ordinary use of which is by its being loaded — if it be pointed at the complainant in a threatening manner, if defendant make threats to shoot, if the circumstances are such as would exist if one were using a loaded gun — in short, that if all the elements of the offense be made out, as required by the criminal laws and procedure, except the direct, we may say visual, proof that the weapon is loaded — under these circumstances a direction to the jury to acquit is error; and the fact that the gun was unloaded (if such be the fact) is a matter of defense. Such view seems to be held by the weight of authority, and such is the only practical view in the enforcement of the statute in reference to assaults with deadly weapons of this character.

It is therefore ordered that the judgment of the District Court be reversed, and the case remanded for a new trial.

*Reversed.*

BLAKE, C. J., and HARWOOD, J., concur.