[Crim. No. 28591. Second Dist., Div. Four. Nov. 29, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
LUIS JOE DUENS, Defendant and Appellant.

## COUNSEL

Jeffrey Adrian Villagran, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Juliet H. Swoboda and William R. Weisman, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**JEFFERSON (Bernard), J.—** ■ By information, defendant was charged with the offense of assault with intent to commit rape, in violation of Penal Code section 220. Defendant entered a plea of not guilty.

Thereafter, defendant waived his right to a jury trial and consented to a court trial with a partial submission of the case on the preliminary hearing transcript. The parties stipulated that the testimony contained in the preliminary transcript and exhibits received at the preliminary hearing could be entered into evidence at the court trial. Defendant also waived his right to confront and cross-examine witnesses who had

testified at the preliminary hearing. These witnesses were Lorraine Croft, Claudia Caspary and Thomas Hembree. Both defendant and the prosecution reserved the right to present additional evidence at the trial.

An interpreter was present at the trial, as defendant spoke Spanish. The prosecution presented the testimony of one witness, Floyd Walizer, a former police officer. Defendant testified in his own defense. The prosecution also presented a rebuttal witness, Claudia Caspary.

Defendant was found guilty of attempted assault with intent to commit rape, purportedly in violation of Penal Code sections 664 and 220. Probation was denied and defendant was sentenced to state prison for the term prescribed by law. Defendant has appealed from the judgment of conviction, which we reverse.

The events which gave rise to this criminal prosecution occurred on the evening of May 13, 1975, at an apartment house in Panorama City. The victim, a young woman named Lorraine Croft, was proceeding down a dark corridor of the apartment house toward her apartment when she encountered defendant, whom she did not know. According to Miss Croft, defendant said something like "[c]ome here" in what sounded to her like English; she said "[n]o" and tried to move away from him. Defendant grabbed her and attempted to kiss her. A struggle ensued; the victim's halter-type dress was torn. She screamed for help.

Miss Croft's friend, Miss Caspary, had been waiting for her in the parking lot. She heard the screams, and came running down the corridor; she rammed defendant with her shoulder, knocking him down. Defendant got to his feet, went past the women into the parking lot, and hid under a parked car.

A number of people converged upon the scene, among them witnesses Hembree and Walizer. Hembree arrived in time to see defendant knocked down; he saw defendant hide, and assisted in pulling him out from under the parked car. He heard defendant's slurred speech—in Spanish. He testified that he thought defendant was intoxicated. Walizer, a former police officer, also assisted in pulling defendant out from under the car and restrained him until the police arrived. He did not smell alcohol, nor did he observe any signs that defendant was intoxicated.

Defendant, testifying in his own defense, stated that he had spent the afternoon and early evening hours of May 13 with his friends, Jose Maron and Juan Garcia, and two girls. He had had a substantial amount to drink. According to his testimony, defendant had become friendly with one of the girls, named Joveta, and was kissing Joveta in Jose Maron's apartment shortly before the incident involving Lorraine Croft. Defendant had left Joveta in one room while he got a drink of water in the kitchen, and when he returned she was gone.

Defendant testified that he was drunk and sleepy. He said that he went out into the corridor, and saw a female coming toward him whom he thought was Joveta. He spoke to her in Spanish. He grabbed her and tried to kiss her. He became aware that the girl was not Joveta when she began to scream in English. As she was pulling away from him, her dress was torn. Defendant was knocked down; he knew he had done something wrong, so he hid underneath a car in the parking lot, where he was apprehended.

Although various contentions have been raised on this appeal, we need to consider only one issue, which is dispositive of the matter before us. As indicated previously herein, the trial court found defendant to be in violation of Penal Code sections 664 and 220, described in the judgment as a lesser offense than that charged in the information but necessarily included therein.

Penal Code section 664 provides, in pertinent part: "Every person who attempts to commit any crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable . . . as follows . . . ." Penal Code section 220 provides: "Every person who assaults another with intent to commit rape, sodomy, mayhem, robbery, or grand larceny, is punishable by imprisonment in the state prison not less than one year nor more than 20 years."

It thus appears that, based on Penal Code sections 664 and 220, the trial court found defendant guilty of an attempted assault with intent to commit rape. The term "assault," used in Penal Code section 220, is defined in Penal Code section 240. This section defines an "assault" as follows: "An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another."

In *In re James M.* (1973) 9 Cal.3d 517 [108 Cal.Rptr. 89, 510 P.2d 33], a minor was charged in a juvenile court petition with a violation of Penal Code section 245, subdivision (b)—assault with a deadly weapon upon the person of a police officer. The juvenile court found the minor guilty of an *attempt* to commit an assault with a deadly weapon on a peace officer. The *In re James M.* court held that an "attempted assault" is not recognized and punishable as a crime in the State of California.

The rationale of *In re James M.* starts with the premise that, under Penal Code section 240, an assault is defined as an attempt to commit a battery by one *having present ability* to do so. An offense of an *attempted* assault would mean, in substance, an attempt to commit a battery *without* such present ability. But there has been no legislative enactment that would manifest a legislative intent to create a crime of an attempt to commit a battery without present ability.

Relying upon a principle of statutory construction, the *In re James M.* court stated: "It is also an established rule of statutory construction that particular provisions will prevail over general provisions. Therefore, the legislative intent not to punish batteries attempted without present ability prevails over the general criminal attempt provisions of section 664. It follows that to judicially find a crime in California in an attempt to commit a battery where the actor lacks the present ability to consummate the battery would be to invade the province of the Legislature by redefining the elements of the underlying crime. [Citation.]" *(In re James M., supra,* 9 Cal.3d 517, at p. 522.)

The principle set forth in *In re James M.* is equally applicable to the case at bench. The offense of an *assault* with an intent to commit rape (Pen. Code, § 220) involves an *attempt* to the same extent as does the offense of an *assault* with a deadly weapon upon the person of a police officer (Pen. Code, § 245, subd. (b)).

In the case at bench, in finding that defendant had committed an attempted assault with intent to commit rape, the court in effect found that defendant had committed *no* crime. Furthermore, as pointed out by *In re James M.,* a finding that a person "was guilty only of *attempted* assault . . . constituted an implied acquittal of the charged assault itself." *(In re James M., supra,* 9 Cal.3d 517, at p. 520.) Nor can defendant in the case before us be tried again for the offense of which he has been acquitted, *i.e.,* for the violation of Penal Code section 220 (U.S. Const.,

Fifth Amend.; Cal. Const., art. I, § 15; the double jeopardy provisions of § 15, added in 1974, were formerly in § 13, which was repealed in 1974), for to do so would place him in jeopardy twice. (See *In re James M., supra*, 9 Cal.3d 517 at p. 520.)

The judgment of conviction is reversed with directions to the trial court to vacate the judgment and to dismiss the information.

Kingsley, Acting P. J., and Dunn, J., concurred.