Filed 7/24/20

**CERTIFIED FOR PARTIAL PUBLICATION\***

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CLIFF EDWARD COLLINS,<br><br>    Defendant and Appellant. | A157466<br><br>(Solano County<br>Super. Ct. No. FCR324735) |

Following a jury trial, defendant was convicted of three counts of lewd act upon a child under the age of 14 and multiple counts of sexual assault involving a minor. On an issue of first impression, defendant contends attempted aggravated sexual assault upon a child under the age of 14 and seven or more years younger than the perpetrator (hereafter attempted aggravated sexual assault) is not a crime. Defendant further contends, and the Attorney General concedes, that he was convicted of three counts of violating Penal Code former[1] section 288a, subdivision (c)(2)(C), but the abstract of judgment incorrectly identifies the offenses as "288(c)(2)(C)." We conclude attempted aggravated sexual assault is a crime. We order the

---

\* Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part II.B.

[1] Former section 288a was renumbered section 287, effective January 1, 2019. There were no substantive changes to subdivision (c)(2)(C). We will refer to former section 288a herein as section 288a.

abstract of judgment shall be corrected to reflect defendant was convicted of three counts of violating section 288a, subdivision (c)(2)(C).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Because the underlying facts are not relevant to the issue on appeal, we briefly summarize them, focusing on the two incidents of attempted aggravated sexual assault.

T.W. had three children who lived with her, including a daughter, T.S., who was born in October 1997. T.W. met defendant in January 2010, and nine months later defendant and T.W. were married. While T.S., her family, and defendant lived in a residence on Beverly Drive, defendant committed acts of attempted aggravated sexual assault.

After defendant moved in, the first incident of attempted aggravated sexual assault occurred when defendant performed what T.S. described as a "doggie style" act. He bent T.S. over the dining room table, pulled down her pants, put his penis between the cheeks of her buttocks, and began "humping" her. Defendant's penis did not touch her vagina, and he did not ejaculate. Subsequently, defendant came to T.S.'s room at about 5:00 a.m., after her mother had left for work. When he entered, T.S. woke up. Defendant told T.S. to get ready. He grabbed at her blanket and pajamas. She said "no" silently because she did not want to wake her brother and sister. Unable to remove T.S.'s pajamas, defendant became angry and struck her with a fist about five times on her stomach and arms. Approximately 10 minutes later, defendant gave up and went downstairs.

Because defendant was bigger and T.S. trusted his judgment, she eventually gave up fighting back. Thereafter, defendant would enter her room in the early morning, and then they would go to his bed. There, defendant and T.S. would pull down their pants and engage in the "doggie

2

style" act. Defendant's penis did not touch T.S.'s anus or vagina. Unsure how many times they engaged in "doggie style" sex while they lived on Beverly Drive, T.S. estimated it happened "more than five times."

As to other acts of sexual assault, when T.S. was 13 years old, her family and defendant moved to Cortland Circle. The "doggie style" sex without genital contact continued, but in addition, defendant began performing oral sex on T.S. Defendant also began having sexual intercourse with T.S.

In March 2013, when T.S. was 15 years old, her family, including defendant, moved to the El Dorado residence. Within a week of the move, defendant resumed having sex with T.S. By that time, it was all oral sex and regular intercourse.

In June 2015, defendant moved out. The last time they had sexual relations was approximately a month earlier.

Defendant was charged in an amended information with lewd act upon a child under the age of 14 (Pen. Code,[2] § 288, subd. (a); counts 1–3), assault with intent to commit rape (§ 220; count 4), attempted aggravated sexual assault of a child (§§ 664/269, subd. (a)(1); counts 5–6), aggravated sexual assault of a child (§ 269, subd. (a)(1); count 7), forcible rape of a minor 14 years of age or older (§ 261, subd. (a)(2); counts 8–10, 12, 14), and forcible oral copulation upon a minor 14 years of age or older (§ 288a, subd. (c)(2)(C); counts 11, 13, 15).

The jury found defendant guilty of all charges except assault with intent to commit rape, count 4, for which he was instead convicted of the lesser included offense of simple assault in violation of section 240.

_____

[2] All statutory references are to the Penal Code.

3

The court sentenced defendant to a total prison term of 87 years 8 months.

## II. DISCUSSION

### A. *Attempted Aggravated Sexual Assault Is a Crime*

Section 269, subdivision (a)(1) makes it a crime for any person to rape a child under 14 years of age and seven or more years younger than the perpetrator.[3] As relevant to this appeal, defendant was convicted as charged in counts 5 and 6 of attempted aggravated sexual assault.

Defendant claims attempted aggravated sexual assault is not a crime. As we shall explain, we conclude, as a matter of first impression, that there is such a crime, and defendant properly was convicted of that offense in this case.

We first turn to the law of criminal attempt. Under California law, "[a]n attempt to commit a crime is itself a crime and [is] subject to punishment that bears some relation to the completed offense." (1 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Elements, § 56, pp. 341–342.) Section 664 provides, "[e]very person who attempts to commit any crime but fails or is prevented or intercepted in its perpetration" is punishable ordinarily by imprisonment for one-half of the term of imprisonment that would be imposed upon conviction of the completed offense. Moreover, as set forth in section 21a, "[a]n attempt to commit a crime consists of two elements: a specific intent to commit the crime, and a direct but ineffectual act done toward its commission." Our Supreme Court clarified in *People v. Toledo* (2001) 26 Cal.4th 221 (*Toledo*), a case in which it held that attempted

---

[3] A defendant may also be convicted of aggravated sexual assault by committing rape or sexual penetration in concert, sodomy, oral copulation, and sexual penetration with a foreign object. (§ 269, subd. (a)(2), (3), (4) & (5).)

4

criminal threat is a crime, " 'One of the purposes of the criminal law is to protect society from those who intend to injure it. When it is established that the defendant intended to commit a specific crime and that in carrying out this intention he committed an act that caused harm or sufficient danger of harm, it is immaterial that for some collateral reason he could not complete the intended crime.' [Citation.] When a defendant acts with the requisite specific intent, that is, with the intent to engage in conduct and/or bring about the consequences proscribed by the attempted crime [citation], and performs an act that 'go[es] beyond mere preparation . . . and . . . show[s] that the perpetrator is putting his or her plan into action' [citation], the defendant may be convicted of criminal attempt." (*Id.* at p. 230.)

Based on sections 664 and 21a, it follows that there is a crime of attempted aggravated sexual assault as defined through the interplay of section 269, subdivision (a)(1) and the statutory provisions relating to attempts. As established by section 664, "[e]very person who attempts to commit *any* crime" (italics added) is subject to punishment as set forth in that provision. Thus, this language "on its face . . . includes those who attempt to commit the crime" of attempted aggravated sexual assault. (*Toledo, supra*, 26 Cal.4th at p. 230.)

Under the provisions of section 21a, a defendant properly may be found guilty of attempted aggravated sexual assault "whenever, acting with the specific intent to commit the offense of [aggravated sexual assault], the defendant performs an act that goes beyond mere preparation and indicates that he or she is putting a plan into action." (*Toledo, supra*, 26 Cal.4th at p. 230.) Here, substantial evidence was presented that defendant did just that. The jury could have found that when defendant placed his penis between T.S.'s buttocks without it touching her vagina, he both intended to

rape her and performed an act that went beyond mere preparation. Such an intent and act constitutes attempted aggravated sexual assault.

While the plain language of sections 269, subdivision (a)(1) and 664 appears to support the existence of the crime of attempted aggravated sexual assault, defendant contends the reasoning in *In re James M.* (1973) 9 Cal.3d 517 (*James M.*) supports his claim that the crime of attempted aggravated sexual assault should not be recognized. In *James M.*, the Supreme Court concluded attempt to commit an assault with a deadly weapon on a peace officer is not recognizable and punishable in the State of California. Years later, our Supreme Court in *Toledo* thoroughly discussed the *James M.* ruling: "In *In re James M.*, we held that there is no crime of attempted assault, reasoning that recognition of such a crime would constitute an improper judicial expansion of the crime of assault. In reaching this conclusion, the court in *James M.* emphasized that the crime of assault is itself statutorily defined in section 240 as an 'unlawful *attempt*, coupled with a present ability[,] to commit a violent injury on the person of another' (italics added), and that numerous legal commentators and many courts had noted the anomaly of recognizing as a separate crime an attempt to commit an attempt. [Citation.] Although the court in *James M.* acknowledged that an 'attempted attempt' was not as an abstract matter a 'logical absurdity' [citation], we nonetheless concluded that the crime of assault represented a legislative judgment as to how far removed from the infliction of a battery criminal liability should be imposed. We held that it improperly would defeat the Legislature's intent and effectively redefine the limits established by the assault statute to recognize a crime of attempted assault." (*Toledo*, *supra*, 26 Cal.4th at pp. 231–232.)

The *James M.* principles were subsequently followed in *People v. Duens* (1976) 64 Cal.App.3d 310 (*Duens*), which held attempted assault with intent to commit rape is not a crime. As the *Duens* court explained, "*assault* with an intent to commit rape (Pen. Code, § 220) involves an *attempt* to the same extent as does the offense of an *assault* with a deadly weapon upon the person of a police officer (Pen. Code, § 245, subd. (b))." (*Id.* at p. 314.)

The reasoning of *James M.* and *Duens*, however, is inapplicable to the instant case because the language of section 269 does not create an assault as that term was used in *James M.* and *Duens*. As relevant here, any person who commits a rape upon a child under 14 years of age and seven or more years younger than the person violates section 269, aggravated sexual assault. Section 240 provides: "An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." However, other than the use of the word "assault" in section 269, the acts set out by that statute bear no resemblance to the act set out in section 240.

Importantly, the primary difference between rape and aggravated sexual assault is the age of the victim and the age difference between the victim and the perpetrator. Attempted rape is recognized in this state as a crime. In describing the elements of attempted rape, the Supreme Court in *People v. Clark* (2011) 52 Cal.4th 856 stated, "The c*rime* of attempted rape has two elements: (1) the specific intent to commit the crime of rape and (2) a direct, although ineffectual, act toward its commission." (*Id.* at p. 948, italics added.) If attempted rape is a crime, it logically follows that attempted aggravated sexual assault is a crime since the only difference between the two is the age of the victim and age difference with the perpetrator. All the elements of rape otherwise apply. In short, in convicting defendant of

7

attempted aggravated sexual assault, the jury necessarily had to find that defendant attempted to rape T.S., not that he attempted to assault her.

As we discussed above, defendant could be found to have committed the crime of attempted aggravated assault only if he acted with the specific intent to rape T.S.  Here, defendant acted with such purpose but on at least two occasions resolved not to complete the complete crime of rape.  Imposing criminal liability upon defendant for attempted aggravated sexual assault will not undermine the purpose of the statute to punish those who rape minors under the age of 14 and are seven or more years older.[4]

## B. *The Abstract of Judgment Should Be Amended*

Defendant was charged in counts 11, 13, and 15 with violating section 288a, subdivision (c)(2)(C).  However, both the verdict forms and the abstract of judgment omit the "a" and list the offense as "288(c)(2)(C)."  This appears to be a simple clerical error confirmed not just by the offense charged in the information but by the fact that there is no subdivision (c)(2)(C) in section 288.  Accordingly, the abstract of judgment must be amended to

---

[4] For the first time in his reply brief, defendant argues that while he agrees "respondent's interpretation of the statutory scheme is plausible[,] . . . it is not the only reasonable interpretation."  Because there is no "existing case law" establishing the crimes of attempted assault or attempted aggravated sexual assault, and "by expressly identifying the crime of aggravated sexual assault of a child within Penal Code section 269," defendant claims "the statute should be interpreted to preclude an attempt."  The failure to raise this argument in his opening brief forfeits defendant's ability to make the argument in reply because the Attorney General has no opportunity to respond.  (*People v. Rangel* (2016) 62 Cal.4th 1192, 1218–1219.)  And even if this argument had not been waived, it has no merit.  Like aggravated sexual assault, the Penal Code also identifies the completed crimes of rape, sodomy, and oral copulation, but no case law has ever held that these crimes cannot be charged and proved as attempts.  For the reasons stated in this opinion, we believe there is only one reasonable interpretation of section 269—that is, attempted aggravated sexual assault is a crime.

8

properly reflect that defendant was convicted of and sentenced for violations of section 288a, subdivision (c)(2)(C).

## III.  DISPOSITION

The judgment is affirmed.  The trial court is directed to correct the abstract of judgment to indicate defendant was convicted on counts 11, 13, and 15 of a violation of section 288a, subdivision (c)(2)(C).

 

 

_____

Margulies, J.

We concur:

_____

Humes, P. J.

_____

Banke, J.

A157466
*People v. Collins*

Trial Court: Solano County Superior Court

Trial Judge:   E. Bradley Nelson

Counsel:

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Assistant Attorney General, Catherine A. Rivlin and Bruce M. Slavin, Deputy Attorneys General for Plaintiff and Respondent.