Filed 12/23/25  In re Ignacio CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re<br><br>ERIC RUBIO IGNACIO<br><br>on Habeas Corpus. | B346675<br><br>(Los Angeles County Super. Ct. Nos. 25CJHC00054-01 & KA0400038-01) |

ORIGINAL PROCEEDINGS; petition for writ of habeas corpus.  William C. Ryan and Robert M. Kawahara, Judges.  Petition granted.

Jennifer Peabody, Executive Director and Richard B. Lennon, under appointment by the Court of Appeal for Petitioner.

Rob Bonta, Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Heidi Salerno, Deputy Attorneys General for Respondent.

Petitioner Eric Rubio Ignacio was convicted of second degree murder (Pen. Code, § 187, subd. (a))[1] in 1998. Gang and firearm enhancements (§§ 186.22, subd. (b)(1), 12022, subd. (a)(1)) were found true, and he was sentenced to 16 years to life in prison. He was granted parole by the Board of Parole Hearings on August 12, 2022, and released from prison on January 18, 2023.

While on parole, petitioner tested positive for methamphetamine multiple times. On March 29, 2023, the People petitioned to revoke petitioner's parole. After petitioner admitted to parole violations, the superior court revoked petitioner's parole and remanded him to the custody of the Department of Corrections and Rehabilitation (CDCR) pursuant to section 3000.08, subdivision (h).

In May 2025, petitioner filed a habeas petition in the superior court, alleging he should not have been remanded to state prison under section 3000.08, subdivision (h), but instead confined to county jail for no more than 180 days pursuant to section 3000.08, subdivisions (f) and (g). After the superior court denied the petition on May 14, 2025, petitioner sought habeas relief in this court.

In a return to our order to show cause why relief should not be granted, the People conceded the superior court erred in remanding petitioner to the custody of the CDCR. The People ask us to remand the matter to the superior court for further proceedings to determine what penalties to impose under section 3000.08, subdivisions (f) and (g). We agree and now grant the petition.

---

[1] All further statutory references are to the Penal Code.

## DISCUSSION

Until 2020, the term of parole for an inmate convicted of murder was governed by section 3000.1. That section provides: "In the case of any inmate sentenced under [s]ection 1168 for any offense of first or second degree murder with a maximum term of life imprisonment, the period of parole, if parole is granted, shall be the remainder of the inmate's life." (§ 3000.1, subd. (a)(1).) In addition, "if [s]ection 3000.1 . . . applies to a person who is on parole and the court determines that the person has committed a violation of law or violated his or her conditions of parole, the person on parole shall be remanded to the custody of the Department of Corrections and Rehabilitation and the jurisdiction of the Board of Parole Hearings for the purpose of future parole consideration." (§ 3000.08, subd. (h).)

In 2020, the Legislature enacted section 3000.01, which applies to all inmates released from state prison on or after July 1, 2020. It provides that "notwithstanding any other law" (§ 3000.01, subd. (b)), "[a]ny inmate sentenced to a life term shall be released on parole for a period of three years" (§ 3000.01, subd. (b)(2).)[2]

By using the phrase "notwithstanding any other law," the Legislature "signaled its intent for the later-enacted statute—section 3000.01—to preempt the conflicting, preexisting statute" in section 3000.1. (*People v. Reed* (2024) 103 Cal.App.5th 43, 53.) Therefore, it is section 3000.01 and not section 3000.1 that applies to convicted murderers who, like petitioner, are paroled after July 1, 2020. Because section 3000.1 does not apply to

---

[2] Subdivision (b) is also subject to two exceptions not relevant here (§ 3000.01, subd. (d).)

3

petitioner, he is not subject to section 3000.08, subdivision (h), remanding him to the custody of CDCR either.

## DISPOSITION

The petition for writ of habeas corpus is granted. The trial court is directed to vacate its order remanding petitioner to the custody of the CDCR and hold further proceedings to determine what penalties to impose for petitioner's parole violation, as provided by section 3000.08, subdivisions (f) and (g).

NOT TO BE PUBLISHED.


MOOR, J.

I CONCUR:


KIM (D.), J.

4

The People v. Eric Ignacio
B346675


BAKER, Acting P. J., Dissenting



The Attorney General too quickly confesses error in my view. For reasons I will explain, I am not convinced the Legislature intended to abrogate a statute that sets a special parole term specifically for convicted murderers. If that was the Legislature's intent, it needs to speak more clearly than it has.

Prior to 2020, there were two interlocking statutes governing parole terms for convicted murderers. One of them, Penal Code section 3000.08, provides that inmates released from state prison after July 1, 2013, are subject to parole supervision by the Department of Corrections and Rehabilitation (the Department) if serving a sentence for a serious felony, a violent felony, a third "strike" crime under the Three Strikes law, or any crime for which the inmate is classified as a high-risk sex offender (among other things).[1] (§ 3000.08, subd. (a).) Section 3000.08 further provides—"[n]otwithstanding any other law"—that if "[s]ection 3000.1 . . . applies to a person who is on parole," the person shall be remanded into the Department's custody if he or she is found to have committed a violation of law or the conditions of parole. (§ 3000.08, subd. (h).)

Section 3000.1, the cross-referenced statute in section 3000.08, subdivision (h), establishes a special parole term for

---

[1]      Statutory references that follow are to the Penal Code.

murderers, and for certain child sex offenders.  Specifically, subdivision (a)(1) of the statute states that "[i]n the case of any inmate sentenced . . . for any offense of first or second degree murder with a maximum term of life imprisonment, the period of parole, if parole is granted, shall be the remainder of the inmate's life" (though this lifetime parole can be discharged after service of a specified continuous period on parole (§ 3000.1, subd. (b))).  The same life parole term applies to inmates sentenced to a life term for certain aggravated child sex offenses.  (§ 3000.1, subd. (a)(2); see also, e.g., §§ 269 [aggravated sexual assault of a child], 288.7 [commission of a sexual act with a child 10 years old or younger].)

In 2020, the Legislature enacted another parole-related statute, section 3000.01, and the effect of that enactment is at the heart of this appeal.  Section 3000.01 states it "applies to persons released from state prison on or after July 1, 2020, and who are subject to the jurisdiction of, and parole supervision by, the Department . . . pursuant to Section 3000.08 . . . ."  (§ 3000.01, subd. (a).)  The statute further provides that for those inmates to whom it applies, "[a]ny inmate sentenced to a life term shall be released on parole for a period of three years" and "[a]ny inmate sentenced to a determinate term shall be released on parole for a period of two years."  (§ 3000.01, subd. (b).)  Section 3000.01 also includes a carve-out from these provisions.  As pertinent for our purposes, the statute states it "shall not apply" to "[a]n inmate currently incarcerated for an offense that will require the person to register as a sex offender pursuant to Chapter 5.5 (commencing with [s]ection 290) of Title 9 of Part 1."  (§ 3000.01, subd. (d).)

Defendant and appellant Eric Ignacio (defendant), the Attorney General, and the opinion for the court understand the enactment of section 3000.01 to displace the provisions of section

2

3000.1 setting life parole terms for murderers because section 3000.01 is the later-enacted statute.  Specifically, they take the position that enactment of section 3000.01 modified defendant's parole term to three years (rather than a life term subject to discharge), and this means that under section 3000.08, defendant can be sentenced to a maximum of 180 days in county jail for violating the conditions of parole on his murder sentence.  There is support for this view.  (*People v. Reed* (2024) 103 Cal.App.5th 43, 53-54.)

But that is not how I see it.  Section 3000.01 (unlike sections 3000 and 3000.08) does not reference section 3000.1, either by name or in substance.  That matters because repeals by implication are disfavored.  (See, e.g., *Hohenshelt v. Superior Court* (2025) 18 Cal.5th 310, 335.)  If the Legislature had intended to displace the special parole term for murderers it previously enacted in section 3000.1, it is odd that there is no mention of that intent by express reference in section 3000.01's text or in the statute's legislative history.  (See, e.g., *Reed, supra,* 103 Cal.App.5th at 54 [noting the legislative history "shines little light on the intended effects of section 3000.01 other than to highlight that the statutory changes do not apply to those required to register as a sex offender"].)

I do not believe section 3000.01's later-enacted status or its carve-out for sex offender registrants make up for what I see as statutory silence.  While it is true that courts do give primacy to later enacted statutes, it is equally true that courts give primacy to more specific statutes as compared to those that are more general.  (See, e.g., Code Civ. Proc., § 1859; *In re James M.* (1973) 9 Cal.3d 517, 522.)  Here, section 3000.1 is the more specific statute

because it applies not to a very narrow, targeted group—murderers (and child sex offenders) sentenced to life in prison. Section 3000.01, on the other hand, applies much more broadly to determinate and indeterminately sentenced inmates alike, and even considering only the subdivision of section 3000.01 focused on indeterminately sentenced inmates, it is still the more general statute because it applies to life sentences generically (which can include three-strikes sentences, aggravated kidnapping sentences, and others) rather than life sentences specifically imposed on murderers. Because section 3000.01 is more general in scope, I see no reason to conclude from its mere later enactment that it displaces section 3000.1's specific rule for murderers. Nor does section 3000.01's carve-out for sex offender registrants reveal an intent to abrogate 3000.1. The argument, of course, is that carving out sex offender registrants purportedly reveals an intent to include murderers because section 3000.1 establishes a life parole term for aggravated child sex offenses in addition to murders. (See, e.g., *Reed*, *supra*, 103 Cal.App.5th at 54.) If it were true that section 3000.01 made an exemption for only one of the two groups subject to a lifetime parole term under section 3000.1, I would agree that would be good evidence of legislative intent. But it isn't true. It is not an apples to apples comparison because section 3000.01 exempts *all* sex offender registrants from its provisions, whereas section 3000.1 mandates lifetime parole only for certain aggravated child sex offenses. I therefore regard section 3000.01's exemption as a generic legislative desire to avoid benefiting any sex offender, not as an *expressio unius* indication (*Reed*, *supra*, at 53-54) that the Legislature wished to dispense with one part of section 3000.1 (lifetime parole provisions for murderers)

4

while preserving the other part (lifetime parole provisions for aggravated child sex offenders in section 3000.1).

Perhaps recognizing its holding makes possible some seemingly counterintuitive results, the Court of Appeal in *Reed*, *supra*, 103 Cal.App.5th 43 felt compelled to observe that if the Legislature did not intend the result reached in that case, "it has the power to amend the relevant statutes accordingly." (*Id.* at 54.) That is true, but I think it gets the burden of legislative inertia backwards. I would affirm the trial court's order because if the Legislature really wants to shorten the parole term it previously set specifically for murderers, it must do so clearly, not by non-specific implication.


BAKER, Acting P. J.