LEROY GUSTINE, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed June 13, 1923.

1. To constitute an attempt to commit a crime there must be an intent to commit the crime, coupled with an overt act apparently adapted to effect that intent, carried beyond mere preparation, but falling short of execution of the ultimate design.

2. One of the essential elements of larceny is an intent to feloniously deprive the owner permanently of the property which is the subject of the larceny, but whether such intent existed, is a question of fact to be determined by the jury from all the circumstances of the case.

3. If the facts in proof are equally consistent with some other rational conclusion than that of guilt, or if the evidence leaves it indifferent which of several hypotheses is true, or merely establishes some finite probability in favor of one hypothesis rather than another, such evidence cannot amount to proof, however great the probability may be.

A Writ of Error to the Criminal Court of Record for Hillsborough County; Lee J. Gibson, Judge.

Reversed.

*Shackelford & Shackelford,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *M. C. McIntosh,* Assistant, for the State.

WEST, J.—By information filed in the Criminal Court of Record of. Hillsborough County plaintiff in error was charged with the crime of feloniously attempting to steal one Ford touring car. The charge as contained in the information is as follows: ''That Leroy Gustine, late of the County of Hillsborough aforesaid, in the State aforesaid on the second day of September in the year of our Lord One Thousand Nine Hundred Twenty-one at and in the County of Hillsborough, aforesaid, did unlawfully and feloniously attempt to take, steal and carry away one Ford touring car, Engine No. 5329502, the same being a gasoline motor propelled vehicle, a further description of the same being to the Solicitor unknown, of the value of five hundred dollars in money current of the United States of America, the property of Avon J. Peacock, and in furtherance of said attempt, the said Leroy Gustine did, then and there disconnect the properly installed electric wiring for the ignition system and make or attempt to make a circuitous wiring around the properly installed ignition system for the purpose of starting said Touring car without regard to the locked condition of the regularly installed ignition system, and with the intent aforesaid, in furtherance of said attempt, did get in said car and try to start the engine, but before said car could be taken away

by the said Leroy Gustine, the said Leroy Gustine was then and there intercepted in said act and prevented from committing said larceny, against the form of the statute in such cases made and provided.''

The verdict, upon a trial of the issue made by plea of not guilty to this information, was guilty as charged. To review the judgment pronounced writ of error was taken from this court.

There was a motion for a new trial, which was denied. This ruling is assigned as error. The ground of the motion to which the argument of counsel for plaintiff in error is addressed, is the alleged insufficiency of the evidence to support the verdict.

What acts will constitute an ''attempt'' to commit a crime is often difficult of determination. Of necessity each case must be determined on its own facts. Generally, there must be an intent to commit a crime, coupled with an overt act apparently adapted to effect that intent, carried beyond mere preparation, but falling short of execution of the ultimate design. Bouvier's Law Dict. 3 rev. vol. 1, title ''Attempt;'' 8 R. C. L. 276; 1 Wharton's Crim. Law, 11 ed., Sec. 212; McClain's Crim. Law, Sec. 222; 3 Am. & Eng. Enc. of Law, 2 ed. 250; Morton v. State, 72 Fla. 265, 73 South. Rep. 187; Hogan v. State, 50 Fla. 86, 39 South. Rep. 464; Graham v. People, 181 Ill. 477, 55 N. E. Rep. 179.

One of the essential elements of larceny is an intent to feloniously deprive the owner permanently of the property which is the subject of the larceny, but whether such intent existed, is a question of fact to be determined by the jury from all the circumstances of the case. Grover v. State, 82 Fla. 427, 90 South. Rep. 473; Wharton's Crim. Law, 11 ed., vol. 2, Sec. 1094.

The evidence of the State is to the effect that the defend-

ant got into the automobile, which it is alleged he attempted to steal, and was proceeding to disconnect the wires from the locked switch and connect them around it in such a way as to transfer the power from the batteries to the engine and thus run the car, although the switch was locked. There is some evidence from an expert witness on behalf of the State that this result could be accomplished in this way. There is other evidence that the defendant had made the inquiry of others a few days before the alleged crime how it could be done. The proposed connection had not been made at the time defendant was discovered, when he got out of the automobile and left it. The automobile was not moved. The attempt was alleged to have been made about eight o'clock in the evening. The defendant was put under arrest soon after.

There is some question of the identity of the defendant, but assuming this to have been proved, the question is whether the act of the defendant as shown by the evidence, is sufficient to show an intent to steal the car. If the facts in proof are equally consistent with some other rational conclusion than that of guilt, the evidence is insufficient. If the evidence leaves it indifferent which of several hypothesis is true, or merely establishes some finite probability in favor of one hypothesis rather than another, such evidence cannot amount to proof, however great the probability may be. Kennedy v. State, 31 Fla. 428, 12 South. Rep. 858; Whetston v. State, 31 Fla. 240, 12 South. Rep. 661; Hogan v. State, 127 Miss. 407, 90 South. Rep. 99; Algheri v. State, 25 Miss. 584, Morris' State Cases, 658; Miller-Brent Lbr. Co. v. Douglass, 167 Ala. 286, 52 South. Rep. 414; American Cast Iron Pipe Co. v. Landrum, 183 Ala. 132, 62 South. Rep. 575; St. L. & S. F. R. Co. v. Dorman, 205 Ala. 609, 89 South. Rep. 70; Patton v. Texas Pac. R. Co., 179 U. S. 658, 21 Sup. Ct. Rep. 275, 45 L. Ed. 361.

If it be assumed that the evidence on behalf of the State is sufficient basis for the inference that defendant intended to move the automobile and to run it, his acts are as consistent with the conclusion that he intended to use it temporarily as forbidden by section 5229, Revised General Statutes, as that he intended to appropriate it and permanently deprive the owner of his possession, as forbidden by Section 5122 and 5142, Revised General Statutes. Only by pyramiding assumption upon assumption and intent upon intent can the conclusion necessary for conviction be reached. It must be assumed, although he did not run it, that the defendant intended to run the automobile. And it must be assumed that if he had been able to run the automobile and thus deprive the owner of it, that he intended to deprive him permanently of the possession of it. The evidence is not of the conclusive nature required to sustain the verdict.

There was error in the ruling denying the motion for new trial for which the judgment must be reversed.

Reversed.

TAYLOR, C. J., AND WHITFIELD, ELLIS, BROWNE AND TERRELL, J. J., concur.