PEARSON, Judge.
The appellants were charged, tried and convicted after a joint jury trial of the crimes of (1) breaking and entering a building with intent to commit a felony, to wit: grand larceny; (2) attempted grand larceny; (3) possession of burglary tools. Each defendant was sentenced as follows: Count (1) — IS years; Count (2) — two and one-half years; Count (3) — five years; the sentences to run consecutively.
Three points are presented. Point one claims error upon the trial court’s denial of defendants’ motion at the conclusion of the State’s case to require the State to elect to proceed upon either Count (1) or Count (2). It is not necessary to rule upon this point in view of our holding that the judgment and sentence upon Count (2) must be reversed. Point two claims error upon *342 the imposition of a sentence upon the judgment in Count (2) because it is urged that under the facts of this case the Counts (1) and (2) consist of two aspects of a single transaction. It is not necessary to rule on this point for the same reason.
Point three urges that the trial court was in error in adjudging the defendants guilty upon Count (2) because that count charged that each defendant “did attempt to take from the possession of the true owner, or to steal and carry away certain goods”; but the verdict of the jury was “We find the defendant guilty as charged with the intent to commit grand larceny”. [Emphasis supplied] We agree that the verdict will not support the judgment of guilty as to this count.
Section 921.03 Fla.Stat. F.S.A., provides as follows:
“If a verdict is rendered from which it can be clearly understood that it is the intention of the jurors to acquit the defendant, judgment of not guilty shall be rendered thereon even though the verdict is defective; but no judgment of guilty shall be rendered on a verdict unless the jurors clearly express a finding against the defendant upon the issue.” [Emphasis supplied.]
 It is true that in order for an attempt at grand larceny to occur, the perpetrator must have the requisite intent and commit acts in furtherance of such intent. The mere intent standing alone is insufficient to constitute a violation of law. See Gustine v. State, 86 Fla. 24, 97 So. 207 (1923). The verdict as returned against the appellants with regard to Count (2) of the information does not reflect a determination of the issue as is required by Chapter 921.03 of the Florida Statutes, F.S.A.
The judgment and sentence of each defendant upon Count (2) of the information is reversed. In all other aspects the judgments and sentences are affirmed.
Affirmed in part and reversed in part.