SWANN, Judge.
The defendant, Rose Lee Josey, appeals from her judgment of conviction for the crime of attempted abortion after a non jury trial.
She seeks reversal because of a claimed insufficiency in the evidence to sufficiently establish that she committed any overt act. She relies on Gustine v. State, 86 Fla. 24, 97 So. 207 (1923), which held:
“ * * * there must be an intent to commit a crime, coupled with an overt act *737 apparently adapted to effect that intent, carried beyond mere preparation, but falling short of execution of the ultimate design.” (Emphasis added.)
The state responds that the acts of the defendant went beyond mere preparation and are governed by Carter v. State, Fla. 1963, 155 So.2d 787, which stated:
“Even if we assume that the overt act here involved, the use of a speculum'employed in numerous medical examinations, is itself equally consistent with guilt and innocence, a distinction must be drawn between the situation where all the facts in evidence can be otherwise explained and the case, such as that at bar, where there is evidence from which the jury may find criminal intent quite independent of the overt act toward execution, which need not in itself be unlawful except as a fragment of the intended offense. In the circumstances of this case the use of the instrument cannot reasonably be characterized as mere preparation.”
We hold that the trial judge was correct in determining that the acts of this defendant went beyond mere preparation and there is sufficient, competent and substantial evidence to support a finding that the defendant committed an overt act.
Defendant claims that the trial court erred in denying her motion to suppress any or all of the evidence seized after she was placed under arrest. She relies on Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); and Benefield v. State, Fla.1964, 160 So.2d 706.
The record on appeal reveals that defendant was properly arrested by a policewoman who had been voluntarily admitted and was already inside the premises discussing the abortion with the defendant. The arrest was proper. See Melton v. State, Fla. 1954, 75 So.2d 291. The actions of the police in making this arrest and search were distinguishable from those recited in Bene-field, supra, and it is not applicable.
The record does not show that the defendant specifically raised or argued in the trial court the point argued for reversal on appeal under the rule pronounced in Chimel, supra.
Assuming arguendo that the rule pronounced in Chimel, supra, was properly raised in the trial court, it appears that the search of the area in this case was of an area within the immediate control of the defendant. We find no reversible error in either of the points raised and argued by defendant on this appeal.
The judgment of conviction is
Affirmed.