315 So.2d 546 (1975)
Robert L. HUTCHINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 74-335.
District Court of Appeal of Florida, Second District.
June 18, 1975.
*547 James A. Gardner, Public Defender, Sarasota, and Ellen Condon, Asst. Public Defender, Tampa, for appellant.
E.J. Salcines, State's Atty., and J. Scott Taylor, Asst. State's Atty., Tampa, for appellee.
HOBSON, Judge.
Appellant was charged by information on July 6, 1973 with attempted conspiracy to commit first degree murder. After trial by jury, he was found guilty as charged. On this appeal, appellant raises the question of whether or not the crime of attempted conspiracy exists under Florida law.
The facts as disclosed by the State's principal witness, Wayne Pledger, show that appellant met with Pledger at a gas station and there told him that Dutch Thomas, a business agent for the Iron Workers Union, was getting too powerful and should be "gotten rid of." Appellant then stated that he did not want to be around when Thomas was "gotten rid of" and that he was looking for someone to help him. Pledger was asked how much it would cost to find someone to do the job. Although appellant suggested that there would be money in it for Pledger if he found someone, he did not mention an amount. Pledger told appellant that he would need a few days to think about the matter, but stated that he never intended to follow through with appellant's suggestion. He later reported the incident to the State Attorney's office.
As to these facts disclosed in the record, we note that appellant could have been charged with the crime of common law solicitation under Fla. Stat. § 775.01 (1973), which makes the common law of England in relation to crimes applicable in Florida where there is no existing provision by statute. See, Holland v. State, Fla.App.2d 1974, 302 So.2d 806. However, as we construe Fla. Stat. § 776.04 (1973), the general attempt statute is not applicable to the inchoate crime of conspiracy.
Florida Statute § 776.04(1973) provides in pertinent part:
"Whoever attempts to commit an offense prohibited by law and in such attempt does any act toward the commission of such an offense, but fails in the perpetration, or is intercepted or prevented in the execution of the same, shall, when no express provision is made by law for the punishment of such attempt, be punished as follows... ."
Initially, we emphasize that the legislature can pass any act which their wisdom dictates so long as such act is not in conflict, either expressly or impliedly, with any provision of the State or Federal Constitutions. Farragut v. City of Tampa, 1945, 156 Fla. 107, 22 So.2d 645. In construing a criminal statutory provision, the primary function of the court is to give effect to the intent of the legislature; and in so doing, each section of the criminal code should be considered in making this determination. But it is also axiomatic that statutes creating and defining crimes cannot be extended by construction or interpretation to punish an act, however wrongful, unless clearly within the intent and terms of the statute. Bradley v. State, 1920, 79 Fla. 651, 84 So. 677.
Insofar as our research indicates, there is no case law in Florida or other jurisdictions which proscribes or defines attempted conspiracy. We note that § 776.04 purports to prohibit an attempt to commit any offense prohibited by law. Since there is no express limitating language as to what crimes may or may not be criminally *548 attempted, the statute would appear to prohibit attempted conspiracy if it were not for the remaining language of the statute, and the history and judicial construction of the crime of attempt. Construing the words "and in such an attempt does any act toward commission of such an offense but fails in the perpetration, or is intercepted or prevented in the execution of the same," we think the legislature intended to limit attempts to physical acts carried beyond preparation toward proximate accomplishment of what would be a complete crime. In this respect, solicitation and conspiracy are more remote from the actual perpetration of the intended crime than is an attempt to commit it. This conclusion is supported by Florida courts that have interpreted an attempt to consist of two essential elements: 1) a specific intent to commit the crime; and 2) a separate overt, ineffectual act done toward its commission: Robinson v. State, Fla.App.3d 1972, 263 So.2d 595; Groneau v. State, Fla.App.4th 1967, 201 So.2d 599; Gustine v. State, 1923, 86 Fla. 24, 97 So. 207. In this same vein, the Standard Jury Instruction on Attempt charges that some physical act must be done toward the completion of the crime.
Generally, the crime of attempt has permitted courts to fill a gap in a definition of criminal conduct, giving them the power to extend a criminal statute to fill that gap without distorting its language. Whether the power to punish a criminal attempt will be applied to any particular crime often depends upon the attitude of a court toward the advisability of extending the law prohibiting the particular crime. Arnold, Criminal Attempts, The Rise and Fall of An Abstraction, 40 Yale Law Journal 53, 75-76 (1930). With respect to attempt, it has been said that where the substantive offense is in the nature of an attempt, there can be no conviction for an attempt to commit it since this would merely be an attempt to attempt. 21 Am.Jur.2d, Crim.Law § 110; 22 C.J.S. Criminal Law § 74; 1 Wharton's Crim.Law 154-155 (Anderson's Ed. 1957); See, Huebner v. State, 33 Wis.2d 505, 147 N.W.2d 646 (1967); Commonwealth v. Willard, 179 Pa.Super. 368, 116 A.2d 751 (1955); Wiseman v. Commonwealth, 143 Va. 631, 130 S.E. 249 (1925). As to the physical conduct of criminal assault, a number of jurisdictions have held that an attempted assault is a logical absurdity. See, In Re M, 9 Cal.3d 517, 108 Cal. Rptr. 89, 510 P.2d 33 (1973); Allen v. People, 175 Colo. 113, 485 P.2d 886 (1971); however, others have permitted such a conviction, where assault was not interpeted as an attempted battery. See, e.g., State v. Wilson, 218 Or. 575, 346 P.2d 115 (1959); Annot., 79 A.L.R.2d 598.
With respect to the crime of solicitation, the great weight of American authority holds as a general proposition that mere criminal solicitation of another to commit a crime does not itself constitute an attempt. Perkins, Criminal Law, 505, 508 (1957). This proposition has been particularly applied to a charge of attempted first degree murder where the facts established only solicitation to commit that offense; Gervin v. State, 212 Tenn. 653, 371 S.W.2d 449 (1963); State v. Davis, 319 Mo. 1222, 6 S.W.2d 609 (1928). In particular, Gervin v. State, supra, gives an excellent analysis of the distinction between attempt and solicitation. Citing Sayre, Criminal Attempts, 41 Harv.L.Rev. 821 (1928), the court points out that the definition of attempt and solicitation are not only different, but the offenses are analytically distinct. The gist of criminal solicitation is enticement, whereas an attempt requires an intent to commit a specific crime, an overt act and failure to consummate that crime. This being true, to call solicitation an attempt is to delete the element of overt act; 371 S.W.2d at 451. Finally the court noted:
"Our answer to the contention that solicitation is a form of attempt is developed from the analytical distinctions and the reasons for these distinctions. Solicitation *549 may supply an element in the attempt concept, but in and of itself, solicitation does not satisfy all these elements. To merge attempts and solicitation bastardizes the concepts of each and breeds further confusion in an area already wrought with confusion." 371 S.W.2d at 453.
This explanation is particularly apropos to the instant case and the State's argument that solicitation is the same as the statutory offense of attempted conspiracy. To concede in the academic sense the possibility that there can be an attempted conspiracy is not the equivalent of declaring it to be reasonable and a punishable statutory offense. Moreover, the judicial creation of attempted conspiracy to punish solicitation is not needed here to fill a gap in the definition of a crime or to extend the reach of the conspiracy statute. Appellant's conduct could have been reached under Fla. Stat. § 775.01 as common law solicitation, which as of July 1, 1975, will also be a statutory crime. Fla. Stat. § 777.04 (Supp. 1974) sets out the statutory scheme defining the inchoate crimes of solicitation, attempt, and conspiracy. Furthermore, attempted conspiracy as an abstract concept would be a logical absurdity under Florida case law defining attempt as an overt action and would tend to distort the concepts of both criminal attempt and conspiracy.
The text of the criminal conspiracy statute, Fla. Stat. § 833.03, makes it clear that the essence of the crime is an agreement made by two or more persons who share a common criminal intent. As one commentary points out:
"The heart of the rationale [of conspiracy] lies in the fact ... that collective action toward an anti-social end involves a greater risk to society than individual action toward the same end. Primarily the State is concerned with punishing conduct that has actually resulted in anti-social consequences . .. . However, as action toward a criminal end nears execution, a point is reached at which the increasing risk to society is thought to outweigh the diminishing likelihood of change of heart or of misreading of intent, and at this point mere `preparation' becomes punishable as `attempt.' When the defendant has chosen to act in concert with others, rather than to act alone, the point of justifiable intervention is reached at an earlier stage." Note, Criminal Conspiracy, 72 Harv.L.Rev. 920, 921-922 (1959).
In addition to being one step further removed from a completed crime than is an attempt, conspiracy is thus a crime which one person cannot commit alone. If two persons conspire to do an illegal act, one of whom is a police officer, acting in the line of duty, there can be no prosecution for conspiracy against the other. King v. State, Fla. 1957, 104 So.2d 730. Thus, one person cannot attempt what the law requires two to perform.
Moreover, the crime of solicitation need not be included in a conspiracy, which may be brought about by the cooperative planning of participants where no one coconspirator requested the other to become involved. Laurel v. Superior Court, 255 Cal. App.2d 292, 63 Cal. Rptr. 114 (1967). However, in the instant case, having solicited Pledger's help to commit a murder, appellant could not have been convicted of conspiracy without the agreement of Pledger. Therefore, the only crime appellant committed was solicitation.
For the foregoing reasons, we hold that Fla. Stat. § 776.04 is not applicable to the crime of conspiracy.
Reversed.
McNULTY, C.J., and GRIMES, J., concur.