375 So.2d 891 (1979)
Edward J. BOLEN, Appellant,
v.
STATE of Florida, Appellee.
No. 77-2356.
District Court of Appeal of Florida, Fourth District.
October 17, 1979.
Richard L. Jorandby, Public Defender and Michael Dubiner, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee and John D. Cecilian, Asst. Atty. Gen., West Palm Beach, for appellee.
ALAN R. SCHWARTZ, Associate Judge.
We reject each of Bolen's arguments for reversal of his conviction for leaving the scene of an accident resulting in death, in violation of Section 316.027, Fla. Stat. (1977).
The defendant's first point complains of certain remarks made by the prosecutor in final argument to the jury. The record shows that when the statements in *892 question were made, Bolen's counsel moved only for a mistrial, and did not either object or seek curative instructions. See Mancebo v. State, 350 So.2d 1098 (Fla. 3d DCA 1977), cert. denied, 359 So.2d 1217 (Fla. 1978); Mabery v. State, 303 So. 369, 370 (Fla. 3d DCA 1974), cert. denied, 312 So.2d 756 (Fla. 1975). While some of the comments complained of, particularly those which referred to the absence from the trial of the boy who was killed in the accident, were indeed improper, none were so objectionable as to deprive the defendant of a fair trial and thus to require the ultimate remedy of stopping the trial and beginning again. Hence, the trial judge may not be deemed to have erred or abused his discretion in failing to grant the sole relief requested below by denying the motions for mistrial. Abbott v. State, 334 So.2d 642, 647 (Fla. 3d DCA 1976), cert. denied, 345 So.2d 420 (Fla. 1977); Davis v. State, 281 So.2d 551 (Fla. 3d DCA 1973), cert. denied, 289 So.2d 734 (Fla. 1974).
Bolen's other point of substance claims error in the following portion of the charge to the jury concerning the crime involved:
The driver of an automobile need only be aware that he was involved in an accident and with such knowledge, willfully left the scene of the accident, without fulfilling the requirement of F.S. 316.062. The driver need not know that such accident resulted in the injury or death of any person. [Emphasis supplied].
In the context of this case, we need not and therefore do not decide whether we agree with the holding in State v. Moss, 206 So.2d 692 (Fla. 2d DCA 1968), which squarely supports this instruction. This is so because the only real question at the trial was whether, at the time of the accident, Bolen thought, as he testified, that his windshield had been struck by a rock which had been thrown at his car; or whether, as the state's witnesses stated (and as the jury obviously found), that he knew  and had stated  that he had "hit a kid on a bike." There was no issue or contention whatever as to the subject matter of the challenged instruction  the possibility and legal consequences of Bolen's knowing he had been in an accident but not that an injury or death was involved. Therefore, it affirmatively appears that any error which arguendo occurred with regard to this point could not have been harmful. Section 924.33, Fla. Stat. (1977); see National Car Rental System, Inc. v. Holland, 269 So.2d 407, 411 (Fla. 4th DCA 1972), cert. denied, 273 So.2d 768 (Fla. 1973).
AFFIRMED.
DOWNEY, C.J., and ANSTEAD, J., concur.