394 So.2d 411 (1981)
Don A. ADAMS, Petitioner-Appellee,
v.
Ernest P. MURPHY and Louie L. Wainwright, Respondents-Appellants.
No. 57451.
Supreme Court of Florida.
January 29, 1981.
Rehearing Denied March 18, 1981.
*412 Joseph F. McDermott, St. Petersburg, for petitioner-appellee.
Jim Smith, Atty. Gen. and Benedict P. Kuehne and Paul H. Zacks, Asst. Attys. Gen., West Palm Beach, for respondents-appellants.
BOYD, Justice.
This cause is before the Court on the certificate of the United States Court of Appeals for the Fifth Circuit that a question of Florida law upon which there is no controlling precedent is determinative of the instant appeal pending in that court. Adams v. Murphy, 598 F.2d 982 (5th Cir.1979). We have authority to answer the certified question by written opinion. Fla. R.App.P. 9.510.
Adams was charged with the crime of perjury in violation of section 837.02, Florida Statutes (1973). It was alleged that he had lied to a grand jury. At trial, Adams' attorney requested that the court instruct the jury on the crime of attempt to commit perjury. The court gave the requested instruction and the jury returned a verdict finding Adams guilty of attempted perjury.
On appeal, the judgment of conviction of attempted perjury was affirmed, per curiam, without opinion. Adams v. State, 320 So.2d 58 (Fla. 4th DCA 1975). Adams then sought review in this Court. The Court initially issued the writ of certiorari but later determined that it lacked jurisdiction. The writ was discharged. Adams v. State, 339 So.2d 214 (Fla. 1976). A subsequent petition for writ of habeas corpus, filed in this Court, was denied.
The case is pending in the Fifth Circuit on appeal from an order of the United States District Court for the Middle District of Florida, which granted Adams relief on his petition for writ of habeas corpus. The district court ruled that the Florida trial court's instruction on and judgment of conviction of the nonexistent offense of attempted perjury denied due process. The United States Court of Appeals has certified the following question: "Is attempted perjury in an official proceeding a criminal offense under the laws of Florida?"
Section 837.02, Florida Statutes (1973), provides:
Whoever being lawfully required to depose the truth in any proceeding in a court of justice, commits perjury, shall, if the perjury is committed on the trial of an indictment for a capital crime, be guilty of a felony of the first degree, punishable as provided in § 775.082, § 775.083, or § 775.084; and if committed in any other case, guilty of a felony of the second degree, punishable as provided in § 775.082 or § 775.083.
Thus the statute forbids, but does not fully define, the crime of perjury. In such circumstances, it is appropriate to look to the common law for the definition of the crime. Carnley v. State, 88 Fla. 281, 102 So. 333 (1924).
*413 In the decisional law of Florida, perjury is defined as the willful giving of false testimony under lawful oath on a material matter in a judicial proceeding. E.g., Gordon v. State, 104 So.2d 524 (Fla. 1958); Miller v. State, 15 Fla. 577 (1876).
Appellees-respondents, officials of the State of Florida, argue that there is such a crime as attempted perjury. They suggest that the existence of such a crime is logically plausible for the following reasons. An attempt consists of a specific criminal intent to commit the crime and an overt act beyond preparation toward that end. Therefore, one who intentionally testifies falsely under oath, unaware that the testimony is not material or that the person administering the oath has no authority to do so or that the proceeding is not an official judicial proceeding, commits the crime of attempted perjury.
Appellees-respondents correctly state that an attempt to commit crime consists of two essential elements: a specific intent to commit the crime and an overt act, beyond mere preparation, done towards its commission. Turner v. State, 100 Fla. 1078, 130 So. 617 (1930); Gustine v. State, 86 Fla. 24, 97 So. 207 (1923). The intent and the act must be such that they would have resulted, except for the interference of some cause preventing the carrying out of the intent, in the completed commission of the crime. The State of Florida has incorporated this definition in its general attempt statute:
Whoever attempts to commit an offense prohibited by law and in such attempt does any act toward the commission of such an offense, but fails in the perpetration, or is intercepted or prevented in the execution of the same, shall, when no express provision is made by law for the punishment of such attempt, be punished as follows:
.....
§ 776.04, Fla. Stat. (1973). Thus the state officials' argument is that where the intent and the overt act of falsely testifying are shown, but the crime is not completed because one of the other elements is lacking, then the facts establish the crime of attempted perjury.
Even though we have a broadly applicable general attempt statute in Florida, there are some crimes of which it can be said that the attempt thereof simply does not exist as an offense. See, e.g., State v. Thomas, 362 So.2d 1348 (Fla. 1978) (attempted possession of burglary tools is not a crime); King v. State, 317 So.2d 852 (Fla. 1st DCA 1975) (attempted uttering of a forged instrument is not a crime).
In King v. State, the defendant was charged with uttering a forged instrument. At trial, he asked that the jury be charged on attempt pursuant to Florida Rule of Criminal Procedure 3.510. The court refused. The defendant was convicted and on appeal assigned the refusal to instruct as error. The appellate court said: "If a crime is itself an attempt to do an act or accomplish a result, there can be no attempt to commit that crime." Id. at 853. Applying this principle, the court held that under Florida law there is no offense of attempted uttering of a forged instrument, and therefore the refusal to charge on attempt was proper.
This view of the nature of criminal attempts was also expressed in Hutchinson v. State, 315 So.2d 546 (Fla.2d DCA 1975), where the state prosecuted a solicitation as an "attempted conspiracy." The court analyzed the general attempt statute. The court prefaced its analysis as follows:
In construing a criminal statutory provision, the primary function of the court is to give effect to the intent of the legislature; and in so doing, each section of the criminal code should be considered in making this determination. But it is also axiomatic that statutes creating and defining crimes cannot be extended by construction or interpretation to punish an act, however wrongful, unless clearly within the intent and terms of the statute. Bradley v. State, 1920, 79 Fla. 651, 84 So. 677.
Id. at 547. The court then observed that the general attempt statute by its terms *414 can apply to any offense, but went on to explain why conspiracy is an exception:
We note that § 776.04 purports to prohibit an attempt to commit any offense prohibited by law. Since there is no express limitating language as to what crimes may or may not be criminally attempted, the statute would appear to prohibit attempted conspiracy if it were not for the remaining language of the statute, and the history and judicial construction of the crime of attempt. Construing the words "and in such an attempt does any act toward commission of such an offense but fails in the perpetration, or is intercepted or prevented in the execution of the same," we think the legislature intended to limit attempts to physical acts carried beyond preparation toward proximate accomplishment of what would be a complete crime. In this respect, solicitation and conspiracy are more remote from the actual perpetration of the intended crime than is an attempt to commit it. This conclusion is supported by Florida courts that have interpreted an attempt to consist of two essential elements: 1) a specific intent to commit the crime; and 2) a separate overt ineffectual act done toward its commission; Robinson v. State, Fla.App.3d 1972, 263 So.2d 595; Groneau v. State, Fla.App. 4th 1967, 201 So.2d 599; Gustine v. State, 1923, 86 Fla. 24, 97 So. 207.
Id. at 547-548.
The Florida case that is perhaps most closely analogous to the problem we are presented with now is Silvestri v. State, 332 So.2d 351 (Fla. 4th DCA 1976). There the appellant was charged with, among other things, making a false report of a crime. She was convicted of an attempt to make such a false report. The court compared the problem to that of uttering a forged instrument, discussed above:
Just as the crime of uttering a forged instrument may be proven merely by an attempt to negotiate one, Harrell v. State, 79 Fla. 220, 83 So. 922 (1920), so it would seem, the offense of making a false report is fully proven by demonstrating an attempt to convey false information to a police officer. Thus, the holding of the First District in King v. State, 317 So.2d 852 (Fla.App. 1st 1975) which we followed in Jackson v. State, 328 So.2d 457 (Fla.App. 4th 1976) that there is no offense in Florida of attempted uttering of a forged instrument because "there can be no attempt to commit ..." a crime which "is itself an attempt to do an act or accomplish a result" ... 317 So.2d at 853, directly applies. See People v. Schmidt, 76 Misc.2d 976, 352 N.Y.S.2d 399, 403 (Crim.Ct. 1974) (no offense of "attempted `interference with governmental administration'").
We find this reasoning to be directly applicable to the question of whether there can be an attempt to violate section 837.02, Florida Statutes (1973).
We are not persuaded by the argument that the crime of attempt can be extended to cover attempted perjury. The argument is based on the hypothetical where the intention to perjure is frustrated by the absence of an element extraneous to the offender's actions, such as the authority of the person administering the oath. In the typical case of a criminal attempt, the factor distinguishing the attempt from the completed crime is that the intended criminal result, an element of the completed crime, was not achieved. In a case, for example, of murder, or robbery, or arson, there is an interference or intervention preventing the consummation of the criminal intent: the victim did not die, or the robber did not get away with any money, or the fire went out without causing damage. The absence of the element of a criminal result is different from the absence of an element extraneous to the offender's conduct, such as the element of the authority of the person administering the oath.
The lack of such elements of the crime of perjury as the materiality of the testimony, the lawfulness of the oath, or the official judicial nature of the proceeding is not, we think, what is contemplated by the common law and statutory concepts of failure, intervention, interception or prevention. *415 When the elements of materiality, lawful oath, and official judicial proceeding are established, the crime of perjury is fully proven by an "attempt" to commit perjury. That is, it is fully proven by the overt act of a willful false statement. That the false statement be believed is not an element of the crime of perjury. Miller v. State, 15 Fla. 577 (1876). Thus no criminal result such as a miscarriage of justice need be proved to establish the crime. As in Silvestri, the crime is fully proven by showing an "attempt" to commit the crime. We conclude that there can be no crime of attempted perjury.
We answer the certified question in the negative. We direct the Clerk of the Court to return the case file and transmit a true copy of this opinion to the United States Court of Appeals for the Fifth Circuit.
It is so ordered.
SUNDBERG, C.J., and ADKINS, J., concur.
OVERTON, J., concurs in part and dissents in part with an opinion.
ALDERMAN, J., dissents with an opinion, with which ENGLAND and McDONALD, JJ., concur.
OVERTON, Justice, concurring in part, dissenting in part.
I concur in the finding that attempted perjury is not a crime, but, under the facts of this case, I would advise the Fifth Circuit Court of Appeals that this cause must be remanded for a new trial and that the defendant should not be discharged.
By his counsel, the defendant in this cause directly induced the trial court to include attempted perjury as a lesser included offense. He now contends he is entitled to a discharge because the judge granted this request and the government failed to object. Our criminal justice system will reach a new height in ridiculousness if a defendant through his counsel can cause erroneous verdict choices or alternatives to be presented to the jury and then walk free because of the problem he created. This is not justice and should not be allowed under any circumstances. At most, the defendant is entitled to a new trial.
ALDERMAN, Justice, dissenting.
Where there is an intent to commit perjury and there is an overt act of falsely testifying but the crime is not completed because one of the essential elements of the crime of perjury, such as materiality, is lacking, the facts establish attempted perjury. The majority explains the elements of perjury and the definition of attempt, yet, inconsistently with its definitions, concludes that the crime of perjury is fully proven by an attempt to commit the crime of perjury and that, therefore, there is no such crime of attempted perjury. This cannot be true because if materiality or the authority of the person administering the oath is lacking, then there can be no crime of perjury. However, if any one of these particular elements is lacking, yet defendant has formulated an intention to commit perjury during an official proceeding and has done a physical act intended to accomplish the commission of the crime other than mere preparation to commit the offense but has failed in the actual commission of the offense, then he has committed attempted perjury. I would, therefore, answer the certified question in the affirmative.
ENGLAND and McDONALD, JJ., concur.