395 So.2d 1210 (1981)
Jonathan WORTHEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-713.
District Court of Appeal of Florida, Third District.
March 17, 1981.
Rehearing Denied April 13, 1981.
Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Calvin L. Fox, Asst. Atty. Gen., for appellee.
Before HENDRY, SCHWARTZ and FERGUSON, JJ.
*1211 SCHWARTZ, Judge.
The defendant was accused of robbery and convicted of attempted robbery. Although he did not object to the omission,[1] his sole contention on appeal is that fundamental error was committed because the trial court's jury instructions did not include in the definition of robbery the specific intent to deprive which was held in Bell v. State, 394 So.2d 979 (Fla. 1981) to be an element of that crime. We are not required to address that specific issue in this case.[2] This is because, in defining the lesser-included offense of attempted robbery, of which Worthey was actually found guilty, the jury was explicitly told that the charge required a finding that "the defendant formed an intent to commit the crime of robbery."[3] The elements of robbery, in turn, were said to include the taking of property by force from the possession and against the will of the victim. Under these circumstances, the court's failure specifically to include the intent element in the definition of the greater crime  of which the defendant was impliedly acquitted[4]  was not only not fundamental error, but was affirmatively shown to have been harmless.[5] Section 924.33, Florida Statutes (1979); James v. State, 393 So.2d 1138 (Fla. 3d DCA 1981); Bolen v. State, 375 So.2d 891 (Fla. 4th DCA 1979).
Affirmed.
NOTES
[1] Compare Hodge v. State, 393 So.2d 1188 (Fla. 3d DCA 1981), in which the issue was properly preserved, and the defendant's conviction of robbery was therefore reversed.
[2] We similarly did not directly pass upon the question in Smith v. State, 375 So.2d 864 (Fla. 3d DCA 1979) since our decision in Bell that intent was not an element of robbery was still extant. In Smith, however, we did intimate a possible rejection of the fundamental error position by citing cases which require a contemporaneous objection to preserve a point for review. 375 So.2d at 865, n. 1. For what it may be worth, we note that the supreme court denied certiorari in Smith after it decided, in its initial opinion in Bell, that our view of the intent issue in both Bell and Smith was incorrect. Smith v. State, 383 So.2d 1202 (Fla. 1980).

See also, Taylor v. State, 386 So.2d 825, 829 (Fla. 3d DCA 1980) (no fundamental error to omit intent element in defining robbery as underlying felony of felony-murder charge.)
[3] All attempts are necessarily specific intent crimes, whether the relevant completed offense is or not. Gustine v. State, 86 Fla. 24, 97 So. 207 (1923); Hogan v. State, 50 Fla. 86, 39 So. 464 (1905); Hutchinson v. State, 315 So.2d 546 (Fla. 2d DCA 1975); Groneau v. State, 201 So.2d 599 (Fla. 4th DCA 1967), cert. denied, 207 So.2d 452 (Fla. 1967); § 777.04, Fla. Stat. (1979); R. Anderson, 1 Wharton's Criminal Law and Procedure, § 73 (1957).
[4] E.g., Smith v. State, 330 So.2d 59 (Fla. 1st DCA 1976).
[5] To show that the failure to charge that intent is an element of robbery itself had a harmful effect upon the present conviction, the defendant would have to demonstrate that the jury should have been instructed that attempted robbery requires an intent to intend to take property from another. Putting aside the facts that no "error" of this kind could remotely be deemed fundamental and that the concept itself would probably elude even the Kantian grasp, there is no such thing in the criminal law as an intent to intend. See, Adams v. Murphy, 394 So.2d 411 (Fla. 1981), and cases cited; Hutchinson v. State, 315 So.2d 546 (Fla. 2d DCA 1975).