422 So.2d 1072 (1982)
Samuel Isaiah GENTRY, Appellant,
v.
STATE of Florida, Appellee.
No. 82-940.
District Court of Appeal of Florida, Second District.
December 3, 1982.
Jerry Hill, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
The main issue in this case is whether voluntary intoxication[1] may be a defense to attempted second degree murder.
The appellant choked his father and swore to kill him. He then snapped a pistol several times next to his father's head. When the gun failed to fire, the appellant struck his father in the head with the gun. The state charged appellant with attempted murder.
At the trial, appellant contended that he was intoxicated when he attacked his father. The judge instructed the jury that voluntary intoxication may be a defense to a crime which required a specific intent. He charged the jury that first degree murder was a specific intent crime. He also instructed the jury that one could be convicted of second degree murder without proof of specific intent. While the judge referred to specific intent only in the context of first and second degree murder, the clear implication of his instructions as a whole was that voluntary intoxication could be a defense to attempted first degree murder but not to attempted second degree murder. Appellant's objection was sufficiently precise to preserve his point for appellate review. See Spurlock v. State, 420 So.2d 875 (Fla. 1982). The jury ultimately returned a verdict of attempted second degree murder.
Appellant relies upon a long line of authority which states that attempts are specific intent crimes.[2]Adams v. Murphy, 394 So.2d 411 *1073 (Fla. 1981); Worthey v. State, 395 So.2d 1210 (Fla. 3d DCA 1981); Littles v. State, 384 So.2d 744 (Fla. 1st DCA 1980); Hutchinson v. State, 315 So.2d 546 (Fla. 2d DCA 1975); Groneau v. State, 201 So.2d 599 (Fla. 4th DCA 1967). Therefore, appellant reasons that the court erred in leading the jury to believe that voluntary intoxication could not be a defense to attempted second degree murder.
It is well settled that voluntary intoxication is not a defense to second degree murder because no degree of murder below first degree murder is a specific intent crime. Crews v. State, 143 Fla. 263, 196 So. 590 (1940); Garner v. State, 28 Fla. 113, 9 So. 835 (1891). The crime of second degree murder requires the proof of no more than a general intent to commit the imminently dangerous act which results in the unlawful killing. See Polk v. State, 179 So.2d 236 (Fla. 2d DCA 1965). Hence, there is an anomaly in the law of Florida under which an attempt to commit second degree murder appears to require a specific intent, but the consummated act of second degree murder does not require such an intent.
Of all of the Florida cases which have stated that attempts are specific intent crimes, only Littles v. State involved an attempt to commit a crime which itself did not require a specific intent. However, Littles dealt only with the question of whether the crime of attempted second degree murder existed at all in the face of the argument that it would require proof that the defendant intentionally committed an unintentional act.
In the final analysis, we are unwilling to conclude that appellant must have had a specific intent to attempt to commit second degree murder when he would not have needed a specific intent had he accomplished his objective. To put it another way, if voluntary intoxication would not be a defense to appellant's consummated second degree murder of his father, it should not be a defense to appellant's abortive attempt to commit the same crime. We hold that the intent required to attempt to commit a crime is no greater than the intent necessary to commit the crime itself.
The rationale for our holding impliedly conflicts with the dictum of several decisions and specifically with the statement in Worthey v. State, 395 So.2d 1210 (Fla. 3d DCA 1981), that "[a]ll attempts are necessarily specific intent crimes whether the relevant completed offense is or not." 395 So.2d at 1211. Therefore, pursuant to article V, section 3(b)(4) of the Florida Constitution, we hereby certify this case to the supreme court as being in direct conflict with Worthey v. State.
AFFIRMED.
RYDER, J., and NELSON, WILLIAM J., Associate Judge, concur.
NOTES
[1] We are not concerned in this case with the defense of insanity brought on by intoxication. See Cirack v. State, 201 So.2d 706 (Fla. 1967).
[2] Why earlier Florida courts reached the conclusion that attempts were always specific intent crimes is not clear. Section 777.04(1) proscribing attempts says nothing about intent. We also note that the Florida Standard Jury Instructions in Criminal Cases (1981 ed.) makes no reference to intent in its instructions on attempt.