434 So.2d 945 (1983)
Robert Dale OVERFELT, Appellant,
v.
STATE of Florida, Appellee.
No. 81-2300.
District Court of Appeal of Florida, Fourth District.
May 11, 1983.
Rehearing Denied August 3, 1983.
*946 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellee.
BERANEK, Judge.
Appellant is appealing his convictions for attempted murder in the third degree and aggravated assault, and the sentences imposed for these crimes. We affirm in part and reverse in part.
Two Hollywood Police Department undercover agents made arrangements to sell over a pound of cocaine to a man named Konrad Schlagmuller for $28,500. Schlagmuller arrived at the prearranged destination with appellant and two other co-perpetrators and left his car to meet one of the undercover agents. At the same time, the other undercover agent went to Schlagmuller's car to obtain the money. Instead of waiting for the drugs to change hands, the undercover agent immediately grabbed for the money, whereupon appellant drew a gun and pointed it at him. A fracas ensued and appellant was shot once by each of the two undercover agents. Schlagmuller was killed by a bullet to the heart and appellant and the other two co-perpetrators were arrested. Appellant was charged by information with second degree felony murder of Schlagmuller, attempted first degree murder of one undercover agent, attempted first degree murder of the other undercover agent, attempted robbery of the cocaine with a firearm, possession of a firearm during the robbery, and carrying a concealed firearm. During the trial, the court granted appellant's motion for judgment of acquittal with respect to the last count, carrying a concealed firearm. The jury returned verdicts of not guilty to the charges of second degree felony murder, attempted robbery with a firearm, and possession of a firearm during robbery. With respect to the two attempted first degree murder charges, appellant was found guilty of attempted murder in the third degree for one and aggravated assault for the other, both of which were presented to the jury as lesser included offenses of the crimes charged. At sentencing the trial court reclassified the attempted murder in the third degree from a felony of the third degree. The court enhanced the sentence from five years to fifteen years apparently relying on both Section 775.084(4)(a), Florida Statutes (1981), on habitual offenders and Section 775.087(1)(c), Florida Statutes (1981), on use *947 of a firearm during commission of a felony. Appellant was sentenced to five years for the aggravated assault to run consecutively with the fifteen-year sentence. Furthermore, the trial court imposed the three-year mandatory minimum on each crime finding that appellant possessed a firearm. See Section 775.087, Florida Statutes (1981).
Appellant raises three points on appeal, two of which lack merit because they resulted in harmless error. Appellant's third point on sentence enhancement brought forth many issues and involved supplemental briefs. We will attempt to resolve only those issues essential to the necessary further proceedings. We first turn to the question of whether attempted murder in the third degree exists in Florida. Although appellant did not initially raise this issue, it was the subject of supplemental briefs and we find it to be of fundamental significance. We conclude that the crime does not exist. Murder in the third degree is defined in Section 782.04(4), Florida Statutes (1981), as follows:
(4) The unlawful killing of a human being, when perpetrated without any design to effect death, by a person engaged in the perpetration of, or in the attempt to perpetrate, any felony other than any arson, sexual battery, robbery, burglary, kidnapping, aircraft piracy, or unlawful throwing, placing, or discharging of a destructive device or bomb, shall be murder in the third degree and shall constitute a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
The key words here are "without any design to effect death" which lead to the conclusion that no intent is required to perpetrate this crime. An attempt involves a specific intent. We see no reason to depart from this basic logic. In the context of this statute one cannot attempt with intent to commit a crime without any intent. This holding is supported by Worthey v. State, 395 So.2d 1210 (Fla. 3d DCA 1981), which concluded that "all attempts are necessarily specific intent crimes, whether the relevant completed offense is or not." (Citations omitted.) At 1211. However, our holding directly conflicts with the rationale expressed in Gentry v. State, 422 So.2d 1072 (Fla. 2d DCA 1982). Therefore, pursuant to Article V, Section 3(b)(4), of the Florida Constitution, we hereby certify this case to the Supreme Court as being in direct conflict with Gentry, supra. We hold attempted third degree murder to be a non-existent crime and recognize that one may never be convicted of a non-existent crime even if this error is invited by requesting a charge on that crime. See Adams v. Murphy, 394 So.2d 411 (Fla. 1981), and Adams v. Murphy, 653 F.2d 224 (5th Cir.1981). The State has, at oral argument, conceded that appellant cannot be retried on any higher level crime under the rationale of Achin v. State, 436 So.2d 30 (Fla. 1982).[1] We are unable to conceive of an appropriate lower crime and thus hold a retrial under this count to be prohibited. We certify the nonexistence of the crime of attempted third degree murder to be a question of great public importance.
We next deal with the issues of enhancement and mandatory minimum sentencing. We recognize that these issues have been partially mooted; however, the issues are related and the problem of minimum mandatory sentencing may arise again on retrial. Section 775.087, Florida Statutes (1981), consists of two parts, one being the reclassification and enhancement section, and the other being the minimum mandatory sentence section. The statute reads as follows:
775.087 Possession or use of weapon; aggravated battery; felony reclassification; minimum sentence. 
(1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any *948 weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
(a) In the case of a felony of the first degree, to a life felony.
(b) In the case of a felony of the second degree, to a felony of the first degree.
(c) In the case of a felony of the third degree, to a felony of the second degree.
(2) Any person who is convicted of:
(a) Any murder, sexual battery, robbery, burglary, arson, aggravated assault, aggravated battery, kidnapping, escape, breaking and entering with intent to commit a felony, or aircraft piracy, or any attempt to commit the aforementioned crimes; or
(b) Any battery upon a law enforcement officer or firefighter while the officer or firefighter is engaged in the lawful performance of his duties
and who had in his possession a "firearm," as defined in s. 790.001(6), or "destructive device," as defined in s. 790.001(4) shall be sentenced to a minimum term of imprisonment of 3 calendar years. Notwithstanding the provisions of s. 948.01, adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld, nor shall the defendant be eligible for parole or statutory gain-time under s. 944.27 or s. 944.29, prior to serving such minimum sentence.
The trial court here found at sentencing that appellant had possessed a firearm and reclassified his attempted third degree murder from a third degree felony to a felony of the second degree. The court also found appellant to be a habitual offender under this charge. The total sentence was enhanced to fifteen years. The jury made no finding as to whether appellant possessed a firearm and appellant asserts the court's finding was erroneous. Nevertheless, the State argues that the trial court may make the determination that a firearm was used in the sentencing context without any indication from the jury. We disagree and find the better view to be that espoused in Streeter v. State, 416 So.2d 1203 (Fla. 3d DCA 1982), which held:
"If the State seeks to have a defendant's crime upwardly reclassified and his sentence thus enhanced because a weapon was used, it is incumbent upon it to see that the verdict forms pertaining to any count susceptible to reclassification under Section 775.087 contain the required additional finding that the defendant committed the crime in a manner prohibited by the reclassification statute."
Since the jury did not make a finding as to a firearm the court erred in doing so. Logically, we see no reason why the rationale of Streeter would not be applicable to the mandatory minimum sentence.[2] In fact, the State has conceded in its brief that to the extent Streeter is applicable to a reclassification based on the use of a firearm it is similarly applicable to the three-year mandatory minimum sentence. We thus hold that before a trial court may enhance a defendant's sentence or apply the mandatory minimum sentence for use of a firearm, the jury must make a finding that the defendant committed the crime while using a firearm either by finding him guilty of a crime which involves a firearm or by answering a specific question on a special verdict form so indicating. We reject the State's argument of waiver to the effect that the defendant had the burden of securing such findings from the jury.

*949 ON REHEARING
After issuing the foregoing opinion, the court heard further oral argument on the State's motion for rehearing. On May 12, 1983, the Fifth District Court of Appeal issued an en banc opinion in Amlotte v. State, 435 So.2d 249 (Fla. 5th DCA 1983).[3] The opinion addresses the issue of the existence of the crime of "attempted felony murder" and concludes that this crime does exist in Florida. The contrary view is expressed in Judge Cowart's dissent. We agree with the dissent, reaffirm our decision in the instant opinion, and certify the conflict between the two cases.
In its motion for rehearing, the State was highly critical of this court in regard to the facts contained within the foregoing opinion. The facts in this opinion were taken directly from the brief of appellant/defendant. The State's brief accepted the defendant's statement of the case and facts without correction or comment. At argument, the Assistant Attorney General urged that notwithstanding his acceptance this court should have made an independent review of the transcript. Rule of Appellate Procedure 9.120(c) requires that the statement of the case and facts shall be omitted in the appellee's answer brief "unless there are areas of disagreement which should be clearly specified." When the appellant states the facts, it is the responsibility of the appellee to point out the specific areas of disagreement in the appellee's statement of the facts. If the appellee, as occurred in this case, concedes that the appellant's factual statement is correct, then this court will not make an independent inspection of the transcript to determine whether the State was remiss in accepting the opposing factual statement. In view of this unusual position taken by the State herein, we have reviewed the proffered facts submitted by the State and find that the matters in issue would not affect the outcome of the case. This opinion should be notice to all litigants before this court that the factual statements contained in briefs are of crucial importance. The facts should be stated clearly, concisely and objectively. A slanted or argumentative factual statement is of little or no assistance and does not truly advance any appellant's prospects of reversal. Conversely, the appellee has a duty to accept a fair factual statement from the appellant and if correction is necessary to do so with specificity. Accepted or uncontested facts will be relied upon by the court.
The petition for rehearing is thus denied.
In conclusion, we vacate appellant's conviction and sentence for attempted third degree murder; we affirm appellant's conviction for aggravated assault, but we vacate the three-year mandatory minimum on his five-year sentence.
AFFIRMED IN PART; REVERSED IN PART.
LETTS and DELL, JJ., concur.
NOTES
[1] This case is presently pending on rehearing before the Supreme Court of Florida.
[2] We also note with interest the holding in Carroll v. State, 412 So.2d 972 (Fla. 1st DCA 1982). Carroll looks at Section 775.087 and makes the distinction between the reclassification section which uses the words, "whenever a person is charged," and the mandatory minimum section which uses the words, "any person who is convicted of." (Emphasis added). Carroll was charged with first degree murder, a capital felony, but convicted of second degree murder, a first degree felony. The Second District held that enhancement and reclassification of felonies pursuant to this section is proper only against the crime charged rather than the crime for which a defendant is ultimately convicted. We need not consider the direct application of this decision since we reverse the sentence on other grounds.
[3] This case was cited by neither the State nor the defendant.