437 So.2d 1097 (1983)
Samuel Isaiah GENTRY, Petitioner,
v.
STATE of Florida, Respondent.
No. 62973.
Supreme Court of Florida.
September 1, 1983.
*1098 Jerry Hill, Public Defender and Michael E. Raiden, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for petitioner.
Jim Smith, Atty. Gen., and Charles Corces, Jr., Tampa, and C. Andrew Thomas, Tallahassee, Asst. Attys. Gen., for respondent.
SHAW, Justice.
The petitioner seeks review of a district court of appeal opinion holding that voluntary intoxication is not a defense to the charge of attempted second-degree murder. Gentry v. State, 422 So.2d 1072 (Fla. 2d DCA 1982). The case was certified to this Court as being in direct conflict with Worthey v. State, 395 So.2d 1210 (Fla. 3d DCA 1981), which states by way of a footnote that all attempts are necessarily specific intent crimes regardless of whether the specific intent is a necessary element of the completed offense. We exercise discretionary jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
In its well-reasoned opinion, the Second District Court of Appeal analyzed Worthey and other Florida cases which imply that all attempts are specific intent crimes and found that such statements either were obiter dicta or were made in cases where the underlying offense itself required proof of specific intent. Adams v. Murphy, 394 So.2d 411 (Fla. 1981); Worthey;[*]Littles v. State, 384 So.2d 744 (Fla. 1st DCA 1980); Hutchinson v. State, 315 So.2d 546 (Fla. 2d DCA 1975); Groneau v. State, 201 So.2d 599 (Fla. 4th DCA 1967).
Within recent months the district courts of appeal have grappled with this issue and extremely able judges have reached diametrically opposed positions. One school of thought rejects the notion that there can ever be an attempt without a specific intent, reasoning that one cannot attempt to do something without first forming the specific intent to accomplish that particular act. This position is consistent with our commonly-accepted definition of attempt: a specific intent to commit the crime and an overt act, beyond mere preparation, done towards the commission. The intent and the act must be such that they would have resulted in the completed crime except for the interference of some cause preventing the carrying out of the intent. Adams; Turner v. State, 100 Fla. 1078, 130 So. 617 (Fla. 1930); Gustine v. State, 86 Fla. 24, 97 So. 207 (Fla. 1923). The opposing school of thought emphasizes the illogic of requiring the state to prove an intent for successful prosecution of an attempt to commit a crime when no such degree of proof is necessary for successful prosecution of the completed crime.
The question then is whether these two seemingly opposing concepts can be harmonized and brought into conformity with some recognizable legislative intent. We have previously determined that despite the broad language of our attempt statute, there are certain crimes of which it can be said that the attempt thereof simply does not exist as an offense. Adams; State v. Thomas, 362 So.2d 1348 (Fla. 1978). See also King v. State, 317 So.2d 852 (Fla. 1st DCA 1975). We now hold that there are offenses *1099 that may be successfully prosecuted as an attempt without proof of a specific intent to commit the relevant completed offense. The key to recognizing these crimes is to first determine whether the completed offense is a crime requiring specific intent or general intent. If the state is not required to show specific intent to successfully prosecute the completed crime, it will not be required to show specific intent to successfully prosecute an attempt to commit that crime. We believe there is logic in this approach and that it comports with legislative intent. Second-degree and third-degree murder under our statutes are crimes requiring only general intent.
In the instant case, the appellant, while allegedly in a drunken state, swore at his father, choked him, snapped a pistol several times to his head and when the weapon failed to fire, struck the father in the head with the gun. Had a homicide occurred, there can be no doubt that the appellant could have been successfully prosecuted for second-degree murder without the state adducing proof of a specific intent to kill. The fact that the father survived was not the result of any design on the part of the appellant not to effect death but was simply fortuitous. We can think of no good reason to reward the appellant for such fortuity by imposing upon the state the added burden of showing a specific intent to kill in order to successfully prosecute the attempted offense.
It is universally recognized that voluntary intoxication is never an excuse for the perpetration of a criminal act and may be used only to negate essential elements of the crime. In this instance voluntary intoxication could only be used to show that the intoxication was so extensive as to suspend the power of reasoning, rendering the appellant incapable of entertaining the requisite specific intent. In conformity with our conclusion that proof of specific intent is unnecessary to prosecute the offense of attempted second-degree murder, a charge relative to voluntary intoxication was properly refused.
The district court opinion is approved.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, McDONALD and EHRLICH, JJ., concur.
NOTES
[*] Worthey cites as authority Gustine v. State, 86 Fla. 24, 97 So. 207 (Fla. 1923); Hogan v. State, 50 Fla. 86, 39 So. 464 (Fla. 1905); Hutchinson v. State, 315 So.2d 546 (Fla. 2d DCA 1975); Groneau v. State, 201 So.2d 599 (Fla. 4th DCA 1967), cert. denied, 207 So.2d 452 (Fla. 1967); § 777.04, Fla. Stat. (1979); R. Anderson, 1 Wharton's Criminal Law and Procedure, § 73 (1957).