PER CURIAM.
This is an appeal by the respondent M.M. from adjudications of delinquency for attempted burglary of a dwelling, attempted petit theft, and attempted criminal mischief. The sole point on appeal is that the evidence is insufficient to support these adjudications. We affirm in part and reverse in part.
First, we have no trouble in affirming the adjudication of delinquency for attempted burglary of a dwelling. The evidence adduced below establishes that (1) the respondent and several companions agreed to break into a house and steal property therein; (2) the respondent, with that intent, walked up to the front door of the victim’s home with his companions and knocked on the door; (3) the respondent then ran away because he thought there was someone inside the house while his companions remained; and (4) the companions broke in the house, stole property therein, and damaged an interior door in the process. The very act of entering the curtilage of the victim’s home with intent to steal property in the home constitutes the crime of burglary of a dwelling under *56 Section 810.02(3), Florida Statutes (1991). § 810.011, Fla.Stat. (1991) (“ ‘Dwelling’ means a building ... of any kind, either temporary or permanent ..., which has a roof over it and is designed to be occupied by people lodging therein at night, together with the curtilage thereof.”); T.J.T. v. State, 460 So.2d 508 (Fla. 3d DCA1984); see Tobler v. State, 371 So.2d 1043, 1045 (Fla. 1st DCA), cert. denied, 376 So.2d 76 (Fla.1979); DeGeorge v. State, 358 So.2d 217 (Fla. 4th DCA1978); Greer v. State, 354 So.2d 952 (Fla. 3d DCA1978). Because the evidence at trial was sufficient to sustain an adjudication of delinquency for burglary of a dwelling, a fortiori, the evidence was also sufficient to sustain an adjudication of delinquency for attempted burglary of a dwelling. See § 777.04, Fla.Stat. (1991); Jones v. State, 492 So.2d 1124 (Fla. 3d DCA), rev. denied, 501 So.2d 1282 (Fla.1986).
Second, we further conclude that the evidence was insufficient to sustain the adjudications of delinquency for attempted petit theft and attempted criminal mischief. We reach this result because the respondent’s act of walking up to the front door of the victim’s home and knocking on the door does not constitute an overt act calculated to commit either a theft or a criminal mischief; moreover, as to the attempted criminal mischief adjudication, there is also no evidence whatever that the respondent ever intended to commit such an offense. Absent sufficient proof of either of these elements, delinquency adjudications for such criminal attempts cannot stand. See Gustine v. State, 86 Fla. 24, 97 So. 207 (1923); Arias v. State, 593 So.2d 260, 263 (Fla. 3d DCA1992); Robinson v. State, 263 So.2d 595 (Fla. 3d DCA1972).
The adjudication of delinquency for attempted burglary of a dwelling is affirmed. The adjudications of delinquency for attempted petit theft and attempted criminal mischief are reversed and the respondent is discharged therefrom.
Affirmed in part; reversed in part.