FARMER, Judge.
In this conviction for manslaughter with a firearm, the evidence was entirely circumstantial. Therefore under State v. Law, 559 So.2d 187 (Fla.1989), the evidence when viewed in the light most favorable to the state must exclude every reasonable hypothesis of innocence. We conclude that it was error for the trial judge to deny defendant’s motion for judgment of acquittal.[1]
The victim, who was defendant’s roommate, was fatally shot while standing near the door of their apartment. Defendant testified that he was asleep on the couch when he heard a loud noise. He awoke to find the victim standing in the doorway, clutching her side and saying she had bean shot. There were no eyewitnesses to the shooting. Despite a search of the surrounding area, no weapon capable of shooting the fatal bullet was ever found.
In granting a new trial but denying defendant’s motion for judgment of acquittal, the trial court noted that there was no evidence of any motive or suspicious behavior. The trial court also said that the state’s bloodstain expert lacked credibility, but that the evidence in the case “barely passed” the sufficiency test. We agree that there was no evidence of any motive or of. suspicious behavior by defendant, but disagree that the evidence was otherwise sufficient to present a prima facie case of manslaughter.
*801 In Brown v. State, 672 So.2d 648 (Fla. 4th DCA 1996), we stated that “[a] prima facie case of circumstantial evidence must lead to a ‘reasonable and moral certainty that the accused and no one else committed the offense charged.’ ” 672 So.2d at 650; see also Davis v. State, 90 So.2d 629 (Fla.1956). Evidence is insufficient if it shows only a strong suspicion of guilt, a bare probability of guilt, or mere presence, at the scene. 672 So.2d at 650. Circumstantial evidence is also insufficient when it requires a pyramiding of assumptions or inferences in order to arrive at a conclusion of guilt. Gustine v. State, 86 Fla. 24, 97 So. 207 (1923); and Chaudoin v. State, 362 So.2d 398 (Fla. 2d DCA 1978). Mere presence at the scene of a crime is insufficient by itself to convict. Davis v. State, 436 So.2d 196 (Fla. 4th DCA 1983), rev. denied, 444 So.2d 418 (Fla.1984); and Whitehead v. State, 273 So.2d 146 (Fla. 2d DCA 1973).
The evidence here asserted by the state to constitute a prima facie case fails to provide any theoretical contradiction of defendant’s testimony that he was asleep when the shooting occurred. The testimony of the state’s blood spatter expert allowed for the possibility that the shots' came from outside the room where defendant was sleeping, and the testimony of the neighbor explicitly disclaimed observation for the entire period of time in question. Under these circumstances, defendant’s motion for judgment of acquittal should have been granted.
REVERSED AND REMANDED WITH INSTRUCTIONS TO DISCHARGE DEFENDANT.
KLEIN and STEVENSON, JJ., concur.

. The state initially appealed the order granting a new trial, and defendant cross appealed the same order to the extent that it denied his motion for judgment of acquittal. Later the state voluntarily dismissed its appeal, which leaves only the cross appeal for us to decide.