[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11278
Non-Argument Calendar

_____

D.C. Docket No. 3:12-cv-00115-LC-EMT


MARK WESTLEY ERWIN,

                                                    Petitioner-Appellant,


versus


SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

                                                    Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 9, 2014)

Before HULL, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Mark Erwin, a *pro se* Florida state prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition, raising numerous issues, including the denial of his motion for judgment of acquittal with respect to attempted sexual battery by a person in familial or custodial authority ("count 1") and the state court's decision to limit Erwin's cross-examination of the minor involved, R.D.S.  On appeal, we issued a certificate of appealability ("COA") with respect to the following issues:

(1)      Whether the state court acted contrary to federal law when denying Erwin's motion for judgment of acquittal that was based on insufficient evidence with respect to count 1 of the amended information, to prove the intent-to-penetrate element of the crime

(2)      Whether the state court's decision was contrary to, or an unreasonable application of, federal law when it denied Erwin's claim that the trial court erred by failing to allow any mention of the past crimes and conduct of the victim, in order to show her bias and motive to fabricate the allegations against Erwin with respect to count 1 of the amended information.

On appeal, Erwin first argues that the state trial court unreasonably denied his motion for judgment of acquittal because the state presented insufficient evidence of the intent-to-penetrate element of count 1.  Second, Erwin argues that the state court's decision, in which it limited his cross-examination of R.D.S. with respect to her previous sexual relationships and the fact that she had previously been warned by a judge in a prior criminal proceeding that future inappropriate

2

sexual behavior could result in her arrest, violated his rights under the

Confrontation Clause.

We liberally construe *pro se* pleadings seeking habeas relief.  *Green v.*
*Nelson*, 595 F.3d 1245, 1254 n.4 (11th Cir. 2010).  The scope of the review is

limited to the issues specified in the COA.  *Murray v. United States*, 145 F.3d

1249, 1250-51 (11th Cir. 1998).

Under the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), federal courts cannot grant federal habeas relief unless the state

court's decision was (1) contrary to, or an unreasonable application of, clearly

established federal law as defined by Supreme Court precedent or (2) based on an

unreasonable determination of the facts in light of the evidence.  28 U.S.C.

§ 2254(d).  We review *de novo* the district court's decision, but we "owe deference

to the final state habeas judgment."  *Hall v. Thomas*, 611 F.3d 1259, 1284 (11th

Cir. 2010).  Further, we are "highly deferential" to the district court's denial of a

§ 2254 petition.  *Davis v. Jones*, 506 F.3d 1325, 1331 (11th Cir. 2007).

"[C]learly established Federal law" means the governing legal principle or

principles set forth by the Supreme Court at the time the state court renders its

decision.  *Lockyer v. Andrade*, 538 U.S. 63, 71, 123 S.Ct. 1166, 1172, 155 L.Ed.2d

144 (2003).  A state court decision can be "contrary to" established law in two

ways: (1) if the state court arrives at a conclusion opposite to that reached by the

3

U.S. Supreme Court on a question of law; or (2) if a state court confronts facts that are "materially indistinguishable" from relevant Supreme Court precedent, but arrives at an opposite result from that arrived at by the U.S. Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405-06, 120 S.Ct. 1495, 1519-20, 146 L.Ed.2d 389 (2000).  A state court decision is an "unreasonable application" of clearly established law if the state court unreasonably applies the established law to the facts of a case.  *Id.* at 407, 120 S.Ct. at 1520.

## A.  Sufficiency of the Evidence of Intent-to-Penetrate for Count 1

The Fourteenth Amendment's due process guarantee assures that no criminal conviction shall stand "except upon sufficient proof—defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S. Ct. 2787, 2789, 61 L. Ed. 2d 560 (1979).  In assessing the sufficiency of the evidence to support a state court conviction in a habeas proceeding, the relevant question is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319, 99 S. Ct. at 2789.

To determine whether the *Jackson* standard has been met, we look to the essential elements of the crime as defined by state law. *Wilcox v. Ford*, 813 F.2d 1140, 1143 (11th Cir. 1987).  Under Florida law, sexual battery is defined as ". . .

4

vaginal penetration of another by any [ ] object . . . .." Fla. Stat. § 794.011(1)(h). A person commits the offense of criminal attempt under Florida law if he "attempts to commit an offense prohibited by law and in such attempt does any act toward the commission of such offense, but fails in the perpetration or is intercepted or prevented in the execution thereof." Fla. Stat. § 777.04(1). An attempt involves two essential elements: specific intent to commit the crime and an overt act done towards its commission. *Adams v. Murphy*, 394 So.2d 411, 413 (Fla. 1981). "The intent and the act must be such that they would have resulted, except for the interference of some cause preventing the carrying out of the intent, in the completed commission of the crime." *Id.*

The district court correctly concluded that Erwin was not entitled to relief under § 2254(d)(1). In light of R.D.S.'s testimony that Erwin placed a vibrator on her vagina, explicit e-mails exchanged between R.D.S. and Erwin prior to the incident, and a recorded telephone conversation between R.D.S. and Erwin after the incident, there was sufficient evidence for a rational trier of fact to find that the intent-to-penetrate element of count 1 was satisfied. *See Jackson*, 443 U.S. 319, 99 S. Ct. at 2789. Therefore, the state court's decision was not contrary to federal law. Accordingly, we affirm the district court's denial of § 2254 relief with respect to this issue.

## B. Confrontation Clause

5

A state court decision is entitled to deference under § 2254(d)(1) even if it summarily rejected the constitutional claim without explaining its reasons for doing so. *Wright v. Sec'y for Dept. of Corr.*, 278 F.3d 1245, 1254 (11th Cir. 2002). The Confrontation Clause of the Sixth Amendment guarantees the right of an accused in a criminal prosecution to be confronted with the witnesses against him. *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674 (1986). The main purpose is to secure the opportunity for cross-examination, but a defendant does not have the right to cross-examination in whatever way, and to whatever extent, he might wish. *Id.* Trial courts have "wide latitude" to impose reasonable limitations based upon concerns about, among other things, harassment, prejudice, confusion of the issues, witness safety, or repetitive or marginally relevant testimony. *Id.* The Supreme Court has held that "a criminal defendant states a violation of the Confrontation Clause by showing that he was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness, and thereby to expose to the jury the facts from which jurors . . . could appropriately draw inferences relating to the reliability of the witness." *Id.* at 680, 106 S.Ct. at 1436; *see also Mills v. Singletary*, 161 F.3d 1273, 1288 (11th Cir. 1998) ("A defendant's confrontation rights are satisfied when the cross-examination permitted exposes the jury to facts sufficient to evaluate the credibility of the witnesses and enables defense counsel

6

to establish a record from which he can properly argue that the witness is less than reliable.").  Defendants must be permitted to engage in cross-examination where a reasonable jury might receive a significantly different impression of a witness's credibility based on the questioning.  *See Van Arsdall*, 475 U.S. at 680, 106 S.Ct. at 1436.

Since the state court affirmed Erwin's convictions after he argued that the trial court's decision regarding cross-examination violated his rights under the Confrontation Clause, that decision is an adjudication on the merits that is entitled to deference under § 2254(d)(1).  *See Wright*, 278 F.3d at 1254.  Erwin was able to elicit testimony from R.D.S. showing her bias or motive to fabricate, and therefore was able to sufficiently call into question her credibility.  The jury would not have received a significantly different impression of R.D.S.'s credibility by allowing testimony that she had previously been told by a judge that future inappropriate sexual conduct could result in arrest.  *See Van Arsdall*, 475 U.S. at 680, 106 S.Ct. at 1436; *Mills*, 161 F.3d at 1288.  In addition, since there was no indication that Erwin intended to show that R.D.S. had previously fabricated allegations of consensual sexual conduct with adult men, evidence of her past consensual sexual conduct with adult men would be marginally relevant, and precluding this testimony was a reasonable limitation by the trial court.  The state court's decision regarding limitation of Erwin's cross-examination of R.D.S. did not constitute a

7

decision contrary to, or an unreasonable application of, federal law.  Accordingly, we affirm the district court's denial of relief under § 2254(d)(1) with respect to this issue.

**AFFIRMED.**[1]

---

[1]    Erwin's motion to File Reply Brief Out of Time is GRANTED.